**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DR. DENEAN ADAMS**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BOARD OF EDUCATION HARVEY SCHOOL DISTRICT 152, GLORIA JOHNSON in her individual capacity, BETTY JOHNSON, in her individual Capacity, DR. KISHA MCCASKILL, in her individual capacity, JANET ROGERS, in her individual capacity, TYRONE ROGERS, in his individual capacity, LINDA HAWKINS, in her individual capacity, FELICIA JOHNSON, in her individual capacity,CITY OF HARVEY, ILLINOIS, DENARD EAVES, in his individual capacity, and DET. R. WRIGHT, in his individual capacity,**<br><br>**Defendants.** | ) | **Case No.: 15 C 8144**<br><br>**Judge Coleman**<br><br>**JURY TRIAL DEMANDED** |

**ANSWER TO COMPLAINT**

NOW COME Defendants, Board of Education Harvey School District 152, Cook County, Illinois, Gloria Johnson, Betty Johnson, Dr. Kisha McCaskill, Janet Rogers, Tyrone Rogers, Linda Hawkins, and Felicia Johnson by and through one of their attorneys, Hauser Izzo, LLC, and as their Answer to the Complaint, states as follows:

**INTRODUCTION**

1. This action is being brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's rights under the Frist Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, the Fourteenth Amendment of the United States Constitution for violation of her due process rights and under the law of the state of Illinois for

intentional infliction of emotional distress. Defendants illegally retaliated against Plaintiff because she made a police report after she was threatened with physical violence by Defendant Tyrone Rogers who became enraged when she asked members of Harvey District 152's Board of Education to authorize a forensic audit to investigate potential fraud and abuse of governmental education funding. The Board rescinded its previously approved extension of Plaintiff's employment contract to punish her for making the police report, and Wright and his supervisor Eaves blocked Plaintiff from pursuing a criminal complaint against Rogers.

**ANSWER: Defendants admit that the action is brought in part pursuant to 42 U.S.C. § 1983 and that there is a count alleging intentional infliction of emotional distress. Defendants deny the remaining allegations of paragraph 1.**

## JURISDICTION AND VENUE

2. This action is brought under the First and Fourteenth Amendments to the United States Constitution.

**ANSWER: Defendants admit that the action is brought alleging violations of the First and Fourteenth Amendments to the United States Constitution. Defendants deny any violation of the United States Constitution.**

3. Plaintiff's state law claim is brought pursuant to the law of the state of Illinois.

**ANSWER: Defendants admit that Plaintiff's intentional infliction of emotional distress claim is brought under the common law of the State of Illinois. Defendants deny that they have committed the tort of intentional infliction of emotional distress.**

4. Jurisdiction over the constitutional causes of action lies here under 28 U.S.C. § 1331, and the Court has jurisdiction over the state claim pursuant to 28 U.S.C. § 1367.

**ANSWER: Defendants admit the allegations of paragraph 4.**

5. The events giving rise to this action occurred in this district. Therefore, venue lies here pursuant to 28 U.S.C. § 1391 (b).

**ANSWER: Defendants admit that venue is proper before this Court pursuant to 28 U.S.C. §1391(b) based upon the allegations contained in the complaint.**

## THE PARTIES

6. Plaintiff is currently employed as the Superintendent of Harvey Public School District 152 under a multi-year employment agreement, which began July 1, 2013 and ends June 30, 2016 (the "Contract"). She is and was a citizen of the United States at all times relevant to this suit.

**ANSWER: Defendants admit the allegations of paragraph 6.**

7. Defendant Board of Education Harvey School District 152 is a municipality organized under the laws of the state of Illinois. It is charged with setting policy for Harvey School District 152.

**ANSWER: Defendants admit that the Board of Education of Harvey School District 152 is organized and created by the laws of the State of Illinois and that it is charged by law with setting policy for Harvey School District 152. Defendants deny the remaining allegations contained in this paragraph.**

8. Defendant Gloria Johnson is the current president of the Board of Education Harvey School District 152 and, as such, was the head official for the policymaking body for District 152 during most of the time relevant to this suit.

**ANSWER: Defendants admit that Gloria Johnson is the current President of the Board of Education of Harvey School District 152. Defendants deny the remaining allegations of paragraph 8.**

9. Defendant Betty Johnson is and was a member of the Board of Education Harvey School District 152 during all times relevant to this suit.

**ANSWER: Defendants admit the allegations of paragraph 9.**

10. Defendant Dr. Kisha McCaskill is and was a member of the Board of Education Harvey School District 152 during all times relevant to this suit.

**ANSWER: Defendants admit the allegations of paragraph 10.**

11. Defendant Janet Rogers is and was a member of the Board of Education Harvey School District 152 during all times relevant to this suit and the former Board president.

**ANSWER: Defendants admit the allegations of paragraph 11.**

12. Defendant Tyrone Rogers is the husband of Janet Rogers and is and was a member of the Board of Education Harvey School District 152 during all times relevant to this suit.

**ANSWER: Defendants admit the allegations of paragraph 12.**

13. Defendant Linda Hawkins is and was a member of the Board of Education Harvey School District 152 during all times relevant to this suit.

**ANSWER: Defendants admit the allegations of paragraph 13.**

14. Defendant Felicia Johnson is and was a member of the Board of Education Harvey School District 152 during all times relevant to this suit.

**ANSWER: Defendants admit that Felicia Johnson is a member of the Board of Education and has been since 2015.**

15. Defendant City of Harvey, Illinois is a municipality organized under the laws of the state of Illinois, which is charged with setting policy for the City of Harvey.

**ANSWER: Defendants admit the allegations of paragraph 15.**

16. Defendant Denard Eaves is the Acting Chief of Police for the Harvey Police Department, and, as such, has and had policy making authority for the department during all times relevant to this suit.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.**

17. Defendant Detective R. Wright is a police Detective employed by the Harvey Police Department during all times relevant to this suit.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.**

## STATEMENT OF FACTS

18. Plaintiff is an educator who has worked in multiple school districts throughout this state during her 25-year career.

**ANSWER: Defendants admit the allegations of paragraph 18.**

19. In 2013, Plaintiff entered into a 3-year contract from July 1, 2013 through June 30, 2016 to become the Superintendent for Harvey School District 152 (the "Contract"). District 152 is comprised of 2,100 students in 8 schools. Over 95% of the students come from households below the state's poverty level. She replaced Harvey Mayor Eric Kellogg who had held the Superintendent post while simultaneously holding the position of mayor. Kellogg's appointment was mired in controversy because those board members voting for him included his sister, his cousin Linda Hawkins, his city employee Tyrone Rogers, and another city employee.

**ANSWER: Defendants admit that in 2013 Plaintiff entered into a 3-year contract from July 1, 2013 – June 30, 2016 to become the Superintendent for Harvey School District 152. Defendants admit that District 152 is comprised of 8 schools. Defendants admit that over 95% of the students come from households below the state's poverty level. Defendants admit that Plaintiff replaced Harvey Mayor Eric Kellogg who had held the Superintendent post while simultaneously holding the position of Mayor. Defendants admit that Linda Hawkins is the cousin of Eric Kellogg and that Tyrone Rogers was an employee of the City of Harvey. Defendants deny the remaining allegations of paragraph 19.**

20. During Kellogg's tenure, the number of students meeting or exceeding the state's academic guidelines declined. However, despite the poor performance, the Board, including Janet Rogers, who was the Board president, and Tyrone Rogers voted to reward Kellogg with a pay and benefit package estimated at more than $300,000.

**ANSWER: Defendants admit that during Kellogg's tenure the number of students meeting or exceeding the state's academic guidelines declined. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

21. Pursuant to the terms of Plaintiff's employment contract, she and the Board could mutually agree to extend the agreement at any time prior to its expiration.

**ANSWER: Defendants admit that Plaintiff's employment contract provides that she and the Board can mutually agree to extend the agreement at any time prior to its expiration if certain conditions are satisfied.**

22. However, the Contract could not be extended unless Plaintiff met specific goals for student academic achievement and teacher development. The Contract required Plaintiff to report to the Board each year on progress toward achieving the performance goals; and Plaintiff and the Board were required each year to mutually determine if the performance goals needed to be augmented or modified.

**ANSWER: Defendants deny the allegations of paragraph 22.**

23. On February 19, 2015, Plaintiff was given the Board's Performance Evaluation for the 2014-2015 school year. Plaintiff was deemed to be performing good-very good in every category measured. There was no category where Plaintiff was deemed to be performing unsatisfactorily. Consequently, the Board approached Plaintiff about extending the Contract for 1-year.

**ANSWER: Defendants admit that Plaintiff was given the Board's Performance Evaluation for the 2014-2015 school year on or about February 19, 2015. Defendants deny the remaining allegations of paragraph 23.**

24. Plaintiff and the Board mutually agreed to a 1-year extension of the Contract and the Board voted to approve the extension of February 23, 2015. The Board's approval of the extension was documented in the Board Minutes disseminated to the public.

**ANSWER: Defendants admit that an offer of a one (1) year contract extension for Dr. Adams subject to the same terms and conditions in the Contract was approved by the Board on or about February 23, 2015 and that the approval of this offer was put into the minutes of the meeting which are available for public review. Defendants deny the allegations of paragraph 24.**

25. In May 2015, Plaintiff informed the Board that she had serious concerns regarding possible financial irregularities with the way that state and federal funds were being used by the District. Plaintiff asked the Board to approve a forensic audit of the District's finances after uncovering over $500,000 in annual payments to a contractor for services that were not clearly identified, overpayment of salary to an employee who was terminated by the District, thousands of dollars of improper payments for the District's summer school program, and many other questionable expenditures. In response to Plaintiff's request, the Board authorized Plaintiff to prepare a proposal for hiring a forensic auditor.

**ANSWER: Defendants deny the allegations of Paragraph 25.**

26. In June 2015, the Board held its annual retreat to review Plaintiff's progress toward achieving the District's academic and performance goals. No major issues were raised regarding Plaintiff's job performance.

**ANSWER: Defendants admit that the Board held its annual retreat in June of 2015. The Defendants deny the remaining allegations of paragraph 26.**

27. On July 9, 2015, Plaintiff sent the Board a draft of the proposal to hire an outside forensic auditor. Defendant Tyrone Rogers became enraged upon reading the proposal and called Plaintiff and threatened that she was "itching for an ass-kicking."

**ANSWER: Defendants deny the allegations of paragraph 27.**

28. The next day, Plaintiff met with Detective R. Wright of the Harvey Police Department to discuss filing a criminal complaint against Rogers. She told Wright that she wanted to discuss what happened with the Board before proceeding to file formal charges. Plaintiff subsequently spoke with the Board president Gloria Johnson and told her what happened. Johnson indicated that she would take the issue up with the entire Board.

**ANSWER: Defendants admit that Plaintiff spoke with Board president Gloria Johnson on or about July 10, 2015. Defendants deny that Plaintiff told Board president**

**Gloria Johnson that she had contacted the Harvey Police Department or that she was seeking to file criminal charges against Mr. Rogers. Defendants further deny that Board President Johnson indicated that she would take the issue up with the entire Board. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.**

29. Plaintiff waited a couple of days to see what action the Board would take. However, the Board failed to even address the issue. Therefore, she decided to contact the police to file formal charges.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore deny the same.**

30. On July 13, 2015, Plaintiff met with Wright to file a formal complaint and informed him that Rogers had threatened her with physical violence after she issued a proposal for an audit of District 152's finances. However, Wright told Plaintiff that she would have to address the issue with the Board and refused to allow Plaintiff to file a criminal complaint.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore deny the same.**

31. On July 22, 2015, the Board held its monthly Board meeting. Plaintiff was summoned into closed session at that meeting and informed that the Board had several issues with her job performance and was considering whether to rescind the one-year contract extension it had approved in February 2015. However, there was no formal vote on the matter, and Plaintiff was not given notice of the charges against her, nor was she informed if the Board intended to take any formal disciplinary action.

**ANSWER: Defendants admit that on July 22, 2015 the Board held a special Board meeting. Defendants admit that Plaintiff was summoned into closed session at that meeting and informed that the Board had several issues with her job performance and was considering whether to rescind the one-year contract extension offer for her that it had approved in February 2015. Defendants admit that no formal vote was taken on any particular matter with respect to Plaintiff. Defendants deny the existence of any type of charges against the Plaintiff. Defendants admit that the Plaintiff was not informed if the Board intended to take any formal disciplinary action.**

32. On August 17, 2015, the Board voted to rescind the 1-year extension of Plaintiff's contract, which it had approved in February 2015. A written resolution was issued stating that the Board had determined that Plaintiff had failed to clearly meet the Board's expectations on certain performance related matters. Again—as she had done at the July 22, 2015, closed session Board meeting where the Board had first mentioned it had several issues with Plaintiff's job performance—Plaintiff asked if she could have a written explanation identifying the specific performance issues.

**ANSWER: Defendants admit that on August 17, 2015 the Board voted to rescind the 1-year extension offer of Plaintiff's contract which was never accepted by the Plaintiff. Defendants admit that a written resolution was issued stating that the Board had determined that Plaintiff had failed to clearly meet the Board's expectations on certain performance related matters. Defendants deny the remaining allegations of paragraph 32.**

33. Plaintiff was given a document titled Partial Performance Evaluation and Directives for Superintendent Dr. Denean Adams as she exited the room. The Board then went back into open session and voted to rescind the 1-year extension after Plaintiff left the room.

**ANSWER: Defendants admit that Plaintiff was given a document titled Partial Performance Evaluation and Directives for Superintendent Dr. Denean Adams. Defendants admit that the Board voted to rescind the 1-year extension offer in open session. Defendants deny the remaining allegations of paragraph 33.**

34. Plaintiff never received a written notice of the charges against her prior to the Board voting to rescind her Contract extension, nor was she given an opportunity to respond to the charges either before or after the Board voted to rescind the extension.

**ANSWER: Defendants deny that the rescission of Plaintiff's Contract extension offer constitutes charges against Plaintiff. Defendants deny that the Board ever adopted any charges against Plaintiff. Defendants deny the remaining allegations of paragraph 34.**

**COUNT 1**
**(42 U.S.C. § 1983-1st Amendment)**

35. Plaintiff hereby incorporated and realleges the allegations of paragraphs 1 through 34 as though fully set forth herein.

**ANSWER: Defendants incorporate and restate their answers to paragraphs 1 through 34 as though fully set forth herein as their answer to paragraph 35.**

36. Plaintiff exercised her right as a private citizen when she made her criminal complaint against Rogers.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore deny the same.**

37. Plaintiff's complaint related to gross official misconduct by a public official accused of threatening a public employee because she wanted to have an audit to assure that public funds were not being misused.

**ANSWER: Defendants deny that any public official threatened a public employee or that any public official named herein engaged in gross official misconduct. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37.**

38. The Board retaliated against Plaintiff for filing a complaint against Rogers by rescinding the 1-year extension of her contract that it had previously approved. The Board used the pretext of performance issues to retaliate against Plaintiff.

**ANSWER: Defendants admit that the previously approved one year contract extension offer was rescinded. Defendants deny the remaining allegations contained in paragraph 38.**

39. Acting under the color of law, the Board used its final policymaking authority over District 152 to engage in conduct aimed at punishing, harassing and intimidating Plaintiff from engaging in her right to speak on matters of public concern.

**ANSWER: Defendants deny the allegations of paragraph 39.**

40. The Board's conduct is part of a custom of cronyism and public corruption that exists in District 152 where the Board protects its own and punishes anyone who dares to speak against them.

**ANSWER: Defendants deny the allegations of paragraph 40.**

41. Therefore, after being made aware of Rogers' criminal conduct and the reason he threatened Plaintiff, the Board decided to ratify his actions by failing to take any action against Rogers and by punishing, instead of protecting, Plaintiff.

**ANSWER: Defendants deny the allegations of paragraph 41.**

42. The Board, in concert, acted willfully and maliciously and in total disregard of Plaintiff's constitutional free speech rights. Moreover, the board knew that its conduct violated Plaintiff's rights.

**ANSWER: Defendants deny the allegations of paragraph 42.**

**COUNT II**
**(42 U.S.C. §1983-14th Amendment)**

43. Plaintiff hereby incorporates and realleges the allegations of paragraphs 1 through 34 as though fully set forth herein.

**ANSWER: Defendants incorporate and restate their answers to paragraphs 1 through 34 as though fully set forth herein as their answer to paragraph 43.**

44. Plaintiff was employed under a Contract that included a benefit that allowed the parties to extend the term of the Contract.

**ANSWER: Defendants admit that Plaintiff was employed under a Contract that permitted extension of the initial 3-year term provided certain conditions were satisfied. Defendants deny that said provisions constituted a benefit.**

45. The parties mutually agreed to extend Plaintiff's Contract, and the Board publicly affirmed the agreement to extend the Contract by voting in February 2015 to extend the Contract for 1-year.

**ANSWER: Defendants deny the allegations of paragraph 45.**

46. However, Plaintiff's mutually agreed upon benefit was taken away as the result of the Board's disciplinary action on August 17, 2015.

**ANSWER: Defendants deny the allegations of paragraph 46.**

47. Plaintiff was never afforded written notice of the formal charges against her or an opportunity to answer them before the Board rescinded the extension of her Contract. Nor was she given an opportunity to address the charges after the Board made its decision on August 17, 2015.

**ANSWER: Defendants deny the allegations of paragraph 47.**

48. Plaintiff's interest in the continued enjoyment of the right to practice her profession has been substantially harmed by the Board's actions, and Plaintiff has suffered significant monetary loss, emotional plain and diminished personal and professional standing in the community as a result of the fact that the board publicly announced that her Contract extension had been rescinded.

**ANSWER: Defendants deny the allegations of paragraph 48.**

49. The Board as the final policymaker for District 152 has a custom and practice of allowing its members to threaten and intimidate employees of the District and that custom is responsible for Rogers threatening Plaintiff with violence when she suggest an audit of the District's finances.

**ANSWER: Defendants deny the allegations of paragraph 49.**

**COUNT III**
**(Intentional Infliction of Emotional Distress)**

**Simultaneously with the filing of this Answer, Defendants are filing a Motion to Dismiss Count III.**

**COUNT IV**
**(42 U.S.C. § 1983-1st Amendment)**

**Count IV seeks relief only against the City of Harvey Defendants and therefore these Defendants are not responding to Count IV**

Respectfully submitted,

BOARD OF EDUCATION OF HARVEY SCHOOL DISTRICT 152, GLORIA JOHNSON, BETTY JOHNSON, DR. KISHA MCCASKILL, JANET ROGERS, TYRONE ROGERS, LINDA HAWKINS and FELICIA JOHNSON

By: /s/ William F. Gleason
WILLIAM F. GLEASON
One of Their Attorneys

CHRISTOPHER L. PETRARCA
WILLIAM F. GLEASON
HAUSER IZZO, LLC
1415 W. 22nd Street – Suite 200
Oak Brook, Illinois 60523
Telephone: (630) 928-1200
Facsimile: (630) 928-1300
E-mail:cpetrarca@hauserizzo.com
E-mail:wgleason@hauserizzo.com

5G:\DISTRICTS\SD1\SD152C\Adams\answer.1.doc