IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. DENEAN ADAMS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOARD OF EDUCATION HARVEY )<br>SCHOOL DISTRICT 152, GLORIA )<br>JOHNSON in her individual capacity, )<br>BETTY JOHNSON, in her individual )<br>capacity, DR. KISHA MCCASKILL, )<br>in her individual capacity, JANET )<br>ROGERS, in her individual capacity, )<br>TYRONE ROGERS, in his individual )<br>capacity, LINDA HAWKINS, )<br>in her individual capacity, FELECIA )<br>JOHNSON, in her individual capacity )<br>CITY OF HARVEY, ILLINOIS, )<br>a Municipal Corporation, DENARD )<br>EAVES, in his individual capacity, )<br>DETECTIVE R. WRIGHT, in his )<br>individual capacity )<br>)<br>Defendants. ) | No. 1:15-CV-08144<br><br>District Judge Sharon Coleman<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT AT LAW

NOW COME Defendants, **CITY OF HARVEY, DENARD EAVES and DETECTIVE WRIGHT** by and through their attorneys, SMITHAMUNDSEN LLC, and pursuant to Federal Rule of Civil Procedure 12(b)(6) move to dismiss Plaintiff's Complaint. In support thereof, Defendants' state as follows:

### BACKGROUND

Dr. Denean Adams ("Dr. Adams") is employed by the Board of Education of Harvey School District 152 ("Board"). (Comp. ¶6). Tyrone Rogers is currently an elected member of the Board. Dr. Adams contents that she provided a proposed draft to hire an outside forensic auditor to the Board on or about July 9, 2015. (Comp. ¶27). After Mr. Rogers reviewed the proposal, he

called Plaintiff on the telephone and threatened that she was "itching for an ass-kicking". (Comp. ¶27). On July 10, 2015, Detective Wright of the Harvey Police Department was dispatched to the school district, met with the Plaintiff and took a police report from the Plaintiff memorializing her telephone conversation with Tyrone Rogers, which according to the Plaintiff, occurred on July 9, 2015 (See Exhibit "A"). Detective Wright met with the Plaintiff again on July 13, 2015, obtained additional information from the Plaintiff regarding her conversation with Tyrone Rogers, took a report regarding the conversation, and advised Plaintiff that her representations regarding her conversation with Tyrone Rogers were not criminal in nature at this time.

Plaintiff alleges that Wright and Eaves "blocked" Plaintiff from pursuing a criminal complaint against Tyrone Rogers (Comp. ¶¶1, 56, 59).

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted, the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. Fed R. Civ. P. 12(b)(6); *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 817 (7th Cir. 2006). The Seventh Circuit, relying on *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), outlined a two-step test that a complaint must pass. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). In the first step "the compliant must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. Under the second step, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court." *Id*. (internal citations omitted). However, a court should not find that a complaint fails to state "a

2

claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *American Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 727 (7th Cir. 1986). In this case, Plaintiff's complaint fails to plead any constitutional violation against the City of Harvey, Denard Eaves or Detective Wright.

## ARGUMENT

A. **PLAINTIFF'S COMPLAINT FAILS TO SET FORTH FACTS THAT ALLEGE A CONSTITUTIONAL VIOLATION**

The Plaintiff appears to believe that by alleging that The City of Harvey, Wright and Eaves "blocked" the Plaintiff from pursuing a criminal complaint against Tyrone Rogers that this "blocking" was an infringement on the Plaintiff's First Amendment rights of free speech. First, the Plaintiff was allowed to tell the Harvey Police about the telephone call between her and Tyrone Rogers and the Harvey Police made two reports of their interactions with the Plaintiff on this subject. Secondly, the City of Harvey Police Department (and all of its police personnel) lack the power to charge any suspect with a crime. This power of "charging" a suspect with crime is reserved for the Cook County State's Attorneys Office, therefore, it is impossible for the Harvey Police (Eaves and Wright) to have "blocked" the Plaintiff from filing a criminal complaint against Tyrone Rogers. If the police do not feel that the elements of crime have been committed, the Police are not obligated, constitutionally to prepare a criminal complaint. In this case, the Harvey police did not feel that the conversation between Plaintiff and Tyrone Rogers met the elements of an assault or battery and therefore, the Harvey Police did not arrest Tyrone Rogers.

Assuming, arguendo, that the Plaintiff is actually trying to say that The City of Harvey, Eaves and Wright failed to **arrest** Tyrone Rogers, this allegation also fails to assert a valid constitutional violation. In Bowers v. DeVito, 686 F.2d 616 (7th Cir. 1982), the Plaintiff's

3

decedent was murdered by a lunatic released by the Illinois Department of Mental Health. In affirming the district court's dismissal of the action, the court, using a Fourteenth Amendment analysis, held that there is no constitutional right to be protected by the state. Bowers, 686 F.2d at 618 (citations omitted). Similarly, in Drushella v. City of Elgin, 2010 WL 4340406 (2010), the plaintiff alleged that the City of Elgin's failure to arrest a shooter that caused the death of plaintiff's decedents was a constitutional violation. In Drushella, similar to Bowers, the Seventh Circuit again rejected the idea that the failure to provide adequate police protection is a constitutional violation. In Drushella, the court held that neither federal law nor constitutionally protected rights are violated by a municipality's failure to provide adequate police protection. Jackson v. City of Joliet, 715 F.2d 1200, 1203 (7th Cir. 1983), cert. denied, 465 U.S.1049, 104 S. Ct. 1325 (1984) ("Section 1983 is not a mandate of highway safety"). See also Ellsworth v. City of Racine, 774 F.2d 182, 185 (7th Cir. 1985), cert. denied, 106 S. Ct. 1265 (1986); Beard v. O'Neal, 728 F.2d 894, 899 (7th Cir.), cert denied, 469 U.S. 825, 105 S.Ct. 104 (1984); Jackson v. Byrne, 738 F.2d 1443, 1447 (7th Cir. 1984).

In the instant case, following the reasoning from the cases referenced above, even if Tyrone Rogers would have, the next day after speaking to the Plaintiff, went to her home and physically harmed or even murdered her, the City of Harvey, Eaves and Wright still would not be amenable to suit for any constitutional violation for previously failing to arrest him, noting that an arrest is a condition precedent to the preparation of a criminal complaint and requesting the Cook County States Attorney to charge a suspect. Additionally, it is absurd for the Plaintiff to allege that the Harvey Police Department's failure to arrest and file and sign a criminal complaint against Tyrone Rogers amounts to some deprivation of the Plaintiff's First

Amendment rights. The constitutional violation was perpetrated by the City of Harvey, Acting Chief Eaves or Detective Wright.

B. **PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT TO MAKE THE CITY OF HARVEY AMENABLE TO SUIT AND EAVES AND WRIGHT WERE NOT DIRECTLY INVOLVED IN THE DISPUTE BETWEEN PLAINTIFF AND TYRONE ROGERS**

In this case, the Plaintiff fails to specifically identify who is being sued in each count of the Complaint. The Defendants are left to guess who the Plaintiff is suing by drawing conclusions from the paragraphs of each count of the Complaint. A liberal reading of Count IV of Plaintiff's Complaint suggests that the Plaintiff is seeking to sue the City of Harvey under a *Monell* theory of liability. However, the Plaintiff's poorly drafted Complaint does not squarely allege a *Monell* violation nor does the Plaintiff's complaint clearly sue either Eaves or Wright in their official capacity.

Official capacity lawsuits are, in effect, lawsuits against the government entity for which the official works. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978); Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). A Section 1983 Plaintiff suing a government official in his official capacity and therefore seeking to hold the government entity liable must show that the government entity was a "moving force" behind the deprivation. Graham, 473 U.S. at 166 (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981) (quoting Monell, 436 U.S. at 694. Thus, to maintain an official capacity claim under Section 1983, any plaintiff must allege that a policy, custom or practice of the government entity deprived the plaintiff of a constitutionally protected interest. Monell 436 U.S. at 690-91; McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995).

5

Plaintiff's Complaint does not mention any municipal policies or customs that were the driving force behind any conduct that may have violated Plaintiff's constitutional rights. Additionally, from a reading of Plaintiff's Complaint, Eaves and Wright had no direct involvement in the dispute between Plaintiff and Tyrone Rogers. Wright merely interviewed the Plaintiff twice and made two reports of the Plaintiff's complaints against Tyrone Rogers. To be liable under the Civil Rights Act, a defendant generally must have direct personal involvement in the events giving rise to the lawsuit. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). The doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C Section 1983. *See Pacelli v. DeVito*, 92 F.2d 871, 877 (7th Cir. 1992). Clearly Eaves and Wright were not personally involved in the events giving rise to this lawsuit. Accordingly, Plaintiff has not stated a claim against the City of Harvey, Acting Chief of Police Denard Eaves or Detective Wright.

## CONCLUSION

The only reason that the Plaintiff is suing Harvey, Acting Chief Eaves and Detective Wright is because they did not arrest Tyrone Rogers after Plaintiff told Detective Wright about her conversation with Tyrone Rogers and the verbal threat made by Tyrone Rogers. Plaintiff, vindictively, wanted nothing more but for the Harvey Police Department to seek retribution on her behalf by arresting Tyrone Rogers for the threat that he made. If the Harvey Police would have arrested Tyrone Rogers, the City of Harvey, Acting Chief Denard Eaves, and Detective Wrights would not have been sued in the instant civil action. Based on the foregoing, Count IV of Plaintiff's Complaint should be dismissed, with prejudice.

                    Respectfully submitted,

                    SMITHAMUNDSEN LLC

                    */s/Stepfon R. Smith*

By:    _____

                    Attorneys for City of Harvey, Denard Eaves and Detective Wallace

Stepfon R. Smith: #6282135
SmithAmundsen LLC
150 North Michigan Avenue – Suite 3300
Chicago, IL 60601
Phone: (312) 894-3395
Fax: (312) 894-3210
E-mail: ssmith@salawus.com

7