IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. DENEAN ADAMS )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>BOARD OF EDUCATION HARVEY )<br>SCHOOL DISTRICT 152, GLORIA )<br>JOHNSON in her individual capacity, )<br>BETTY JOHNSON, in her individual )<br>capacity, DR. KISHA MCCASKILL, )<br>in her individual capacity, JANET )<br>ROGERS, in her individual capacity, )<br>TYRONE ROGERS, in his individual )<br>capacity, LINDA HAWKINS, )<br>in her individual capacity, FELECIA )<br>JOHNSON, in her individual capacity )<br>CITY OF HARVEY, ILLINOIS, )<br>a Municipal Corporation, DENARD )<br>EAVES, in his individual capacity, )<br>DETECTIVE R. WRIGHT, in his )<br>individual capacity )<br>)<br>        Defendants. ) | No. 1:15-CV-08144<br><br>District Judge Sharon Coleman<br><br>JURY TRIAL DEMANDED |

<u>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS COUNT III OF PLAINTIFF'S
FIRST AMENDED COMPLAINT AT LAW**</u>

NOW COME Defendants, **CITY OF HARVEY, DENARD EAVES and DETECTIVE WRIGHT (hereinafter the "Harvey Defendants")** by and through their attorneys, SMITHAMUNDSEN LLC, and pursuant to Federal Rule of Civil Procedure 12(b)(6) move to dismiss Plaintiff's Complaint. In support thereof, the Harvey Defendants' state as follows:

<u>BACKGROUND</u>

Dr. Denean Adams ("Dr. Adams") was employed by the Board of Education of Harvey School District 152 ("Board"). Tyrone Rogers is currently an elected member of the Board. Dr. Adams contends that she provided a proposed draft to hire an outside forensic auditor to the Board on or about July 9, 2015 to investigate misuse of Board funds. After Mr. Rogers reviewed

the proposal, he called Plaintiff on the telephone and threatened that she was "itching for an ass-kicking". On July 10, 2015, Detective Wright of the Harvey Police Department was dispatched to the school district, met with the Plaintiff and took a police report from the Plaintiff memorializing her telephone conversation with Tyrone Rogers, which according to the Plaintiff, occurred on July 9, 2015. Detective Wright met with the Plaintiff again on July 13, 2015, obtained additional information from the Plaintiff regarding her conversation with Tyrone Rogers, took a second report regarding the conversation, and advised Plaintiff that her representations regarding her conversation with Tyrone Rogers were not criminal in nature at the time.

Plaintiff, in her First Amended Complaint, now alleges that, *"on information and belief"* that City of Harvey Mayor Eric Kellogg conspired with Wright and Eaves to prevent the Harvey Police Department from arresting Tyrone Rogers. Plaintiff fails to mention in her First Amended Complaint that the Harvey Police Department lacks to power to **charge** a suspect with a crime. To that end, Plaintiff omits from her First Amended Complaint that the power to charge a person with a crime in reserved only for the state's attorneys office and that even if the Harvey Police Department had arrested Tyrone Rogers, there is no guarantee that the state's attorney would have actually charged Tyrone Rogers with a crime. The Plaintiff alleges that Mayor Eric Kellogg was a co-conspirator, however, the Plaintiff has not sued Mayor Eric Kellogg in either Plaintiff's original Complaint or her First Amended Complaint for his purported bad acts. **The Plaintiff is suing the Harvey Defendants because they did not arrest Tyrone Rogers.**

## **LEGAL STANDARD**

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, not to resolve the case on the merits. A complaint which offers little more than labels and conclusions **or contains only a "formulaic recitation of the elements of a class of action" is insufficient.** *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Similarly, a pleading is insufficient if it consists **of little more than "naked assertions" devoid of "further factual enhancement".** *Id.* See also, *Bell Atlantic v. Twombly,* 550 U.S. 544, 557 (2007). To defeat a motion to dismiss, a plaintiff **must plead "sufficient factual matter to raise the right to relief *above a speculative level"*. A plaintiff's allegations must also "raise a reasonable expectation that discovery will reveal** the **evidence of illegal activity".** *Twombly,* 127 S.Ct. at 965.

Rule 8(a) establishes a plausibility threshold" whereby a pleader must set forth allegations plausibly suggesting (not merely consistent with) actual misconduct. To meet this plausibility **standard, a pleader must clear two hurdles. First, the allegations must "cross the line** between the conclusory and the factual and in so doing, the pleader must offer more than labels and conclusions. *Twombly,* 127 S.Ct. at 1966. Second, the factual allegations must do more than create a *suspicion of wrongdoing*. Actions which are consistent with lawful behavior are inadequate to defeat a motion to dismiss. *Twombly,* 127 S.Ct. at 1966, n. 5.

To satisfy this second element, a pleading must make "factually suggestive allegations **from which a reasonable inference of illegal conduct may be drawn." (Id. at 1966, n. 5).** If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id..* In *Twombly,* the Supreme Court expressly disavowed the longstanding axiom in *Conley v. Gibson,* wherein a complaint should not be dismissed unless it appears beyond all doubt that a

3

plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Twombly,* 127 S.Ct. at 1969. **This famous observation has, in the words of the Supreme Court, "earned its retirement".** (Id.) *Twombly* and *Iqbal* establish two new rules of pleading in all cases: (1) fair notice will not suffice, as the complaint must be plausible; (2) plausibility established with conclusory allegations is insufficient because conclusory allegations are not entitled to a presumption of truth. *Iqbal,* 129 S.Ct. at 1951; see also *Brooks v. Ross,* 578 F.3d 574, 581-82 (7th Cir. 2009).

A litigant may plead himself out of court by alleging facts which establish that the defendant is entitled to prevail and a plaintiff will likewise plead himself out of court by alleging facts which show that he has no claim, even though he is not required to allege those facts. *Bennett v. Schmidt,* 153 F.3d 516, 517 (7th Cir. 1988); *Soo Railroad Company v. St. Louis Southwest Railroad Company*, 125 F.3d 41, 43 (7th Cir. 1997). Likewise, a plaintiff may plead himself out of court by attaching documents to his complaint which indicate that he is not entitled to relief. *Ogden Martin Systems of Indianapolis v. Whiting Corp.,* 179 F.3d 523, 529 (7th Cir. 1990).

In ruling on a 12(b)(6) motion, the district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *Anderson v. Simon,* 217 F.3d 472, 474-75 (7th Cir. 2000).

## ARGUMENT

A. <u>Adams has not alleged sufficient facts that make is plausible that Kellogg, Wright and Eaves engaged in an illegal conspiracy to protect Tyrone Rogers</u>

Adams attempts to assert a conspiracy claim against the Harvey Defendants, notably without naming Harvey Mayor Eric Kellogg as a Defendant. Plaintiff alleges in her amended

4

Complaint in ¶63 that:

> "On **information and belief,** immediately after the July 10th meeting with Plaintiff, Wright informed Kellogg that Plaintiff had charged Rogers with threatening her after she requested an audit. Kellogg then told Wright and Eaves that they could not arrest Rogers even though they had probable cause to do so and to make sure that no criminal charges were filed."

These allegations, based only on information and belief, without any further specifics as to the alleged direction Kellogg (a non-party to this case) gave to Eaves and Wright and the lack of any agreement or meeting of the minds between Kellogg, Eaves and Wright fail to rise beyond the level of mere speculation, which is wholly insufficient for purposes of Article III jurisdiction.

To establish a prima facie case for conspiracy, Adams must allege (1) an express or implied agreement among the defendants to deprive the plaintiff of her constitutional **rights; and (2) an actual deprivation of the plaintiff's constitutional rights by means of overt acts** in furtherance of the agreement. *Luckett v. Conlon,* 561 F.Supp. 2d 970, 975 (N.D. Ill. 2008) citing *Wilson v. Giesen,* 956 F.2d 738, 754 (7th Cir. 1992). A claim of conspiracy must be supported by facts sufficient to suggest that an agreement was reached to deprive the plaintiff of his rights. *Prince v. Campbell,* **314 F.Supp.2d 793, 795 (N.D. Ill. 2004).** ("A vague and conclusory allegation that a conspiracy existed is not sufficient to state a claim; a complaint must contain **factual allegations suggesting that the defendants reached a meeting of the minds").**

Adams First Amended Complaint only generally alleges that one person told two other people not to do something, failing to provide sufficient details to show an understanding was reached to willfully deprive Adams of her alleged constitutional rights. These bare allegations

5

amount to nothing more than mere speculation which is insufficient to state a claim for conspiracy. See *Cooney v. Rossiter,* 583 F.3d 976, 970-71 (7th Cir. **2009**) (**"even** before *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal,* a bare allegation of conspiracy is **not enough to survive a motion to dismiss for failure to state a claim"**) **(citations omitted).** Adams fails to allege anything that would make her claim plausible. Instead, she merely alleges that Kellogg told Wright and Eaves that they could not arrest Rogers, but fails to provide sufficient facts to show that Wright and Eaves reached an agreement with Kellogg. Even if Plaintiff did alleged that an agreement or a meeting of the minds occurred between Kellogg , Wright and Eaves, Adams needs more than allegations simply based on **information and belief,** which are no more than speculation. Missing from Adams First Amended Complaint is any assertion as to what acts were taken or what agreements were made. Further, merely alleging that adverse actions were not taken against Rogers by Eaves ad Wright is not sufficient to establish a conspiracy. See *Cooney,* **583 F.3d at 971** (**"mere suspicion that persons adverse to the** plaintiff have **joined in a conspiracy against him or her is not enough"**).

**B.** <u>**Plaintiff's Complaint fails to set forth facts that allege any constitutional violation**</u>

To state a claim based on a violation of her free speech rights, Adams must allege "(1) that speech she engaged in was constitutionally protected under the circumstances, <u>Connick v. Myers,</u> 461 U.S. 138, 75 L. Ed. 2d 708, 103 S. Ct. 1684 (1983); and (2) that defendants retaliated against her because of that speech. <u>Mt. Health City School Dist. V. Doyle,</u> 429 U.S. 274, 287, 50 L. Ed. 2d 471, 97 S. Ct. 568 (1977)." Barkco v. Melby, 901 F.2d 613, 617 (7th Cir. 1990). Adams First Amended Complaint satisfies neither prong.

Adams claims that the Harvey police retaliated against her by denying her request to file a criminal complaint against Tyrone Rogers for his threat. She contends her attempt to have

6

Tyrone Rogers' **arrested** is protected speech on a matter of great public concern. Plaintiff's request for an audit is a matter of great public concern, however, Adams request to have Tyrone Rogers arrested is neither protected speech and an arrest is not a matter of great public concern. In this case, no Harvey Defendant was capable of engaging in any retaliatory conduct because neither Eaves, Wright or the Harvey Police Department were Adams' employers capable of rescinding her contract and therefore her complaint fails the second prong. The police are not required to pursue every citizens complaint. Moreover, the police lack the authority to charge defendant Rogers with any crime.

Adams First Amended Complaint sets forth everything necessary to satisfy an affirmative defense, therefore dismissal with prejudice is appropriate. United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005). Even if this Court puts aside this defense, the retaliatory conduct of which Adams complains does not relate to the Harvey Defendants. Based on the facts alleged in Adams First Amended Complaint, the only retaliatory conduct alleged appears to be rescission of Adams contract extension and no Harvey Defendant was involved in Adams contract rescission, therefore, the Harvey Defendants lacked the threshold personal involvement, which is required for Plaintiff to maintain a Section 1983 action against the Harvey Defendants.

Adams also alleges municipal liability under Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). To state a claim against the City of Harvey, Adams must allege that Eaves acted pursuant to a municipal custom, policy, or practice. Monell, 436 U.S. at 691; Wragg v. Vill. Of Thornton, 604 F.3d 464, 467 (7th Cir. 2010), "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [city], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking

authority." Wragg 604 F.3d at 467. Adams' claimed constitutional injury is that Wright and Eaves, as acting Chief of Police with final policymaking authority, did not pursue a Adams request for a criminal complaint against Tyrone Rogers. This is insufficient to state a claim for municipal liability.

## CONCLUSION

The only reason that Adams is suing Harvey, Acting Chief Eaves and Detective Wright is because they did not arrest Tyrone Rogers after Adams told Detective Wright about her conversation with Tyrone Rogers and the verbal threat made by Tyrone Rogers. Adams, vindictively, wanted nothing more but for the Harvey Police Department to seek retribution on her behalf by arresting Tyrone Rogers for the threat that he made. If the Harvey Police would have arrested Tyrone Rogers, the City of Harvey, Acting Chief Eaves, and Detective Wright would not have been sued in the instant civil action. Notably, even if the Harvey Police had arrested Rogers, there is no guarantee that the state's attorney would have charged Rogers. The Harvey police do not have the power to charge Rogers with a crime, therefore, based on this fact, it is impossible for any Harvey Defendant sued in this case to have conspired to engage in any constitutional infringement upon the Plaintiff. Based on the foregoing, Count III of Plaintiff's Complaint should be dismissed, with prejudice.

                                          Respectfully submitted,

                                          SMITHAMUNDSEN LLC

                                          */s/Stepfon R. Smith*

By:       _____
                          Attorneys for City of Harvey, Denard Eaves and Detective Wright

Stepfon R. Smith: #6282135
SmithAmundsen LLC
150 North Michigan Avenue – Suite 3300
Chicago, IL 60601
Phone: (312) 894-3395
Fax: (312) 894-3210
E-mail: ssmith@salawus.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 3rd day of August 2016, he served **Defendants' Memorandum of Law In Support of Their Motion to Dismiss Count III of Plaintiff's First Amended Complaint At Law,** to All parties of Record:

| | |
|---|---|
| **Jerome M. Davis, Esq.**<br>9024 McIntosh Court<br>Lakewood, Illinois 60014 | **William F. Gleason**<br>Hauser Izzo, LLC<br>19730 Governors Highway<br>Suite 10<br>Flossmoor, Illinois 60422<br><br>**Christopher L. Petrarca**<br>Hauser Izzo, LLC<br>1415 W. 22nd Street<br>Suite 200<br>Oak Brook, Illinois 60523 |

These pleadings were served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

                                                                                                 x]      Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: August 3, 2016

                                                                                                          /s/ Stepfon R. Smith

Stepfon R. Smith: #6282135
SmithAmundsen LLC
150 North Michigan Avenue – Suite 3300
Chicago, IL 60601
Phone: (312) 894-3395
Fax: (312) 894-3210
E-mail: ssmith@salawus.com