# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. DENEAN ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15 cv 8144 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| BOARD OF EDUCATION HARVEY SCHOOL DISTRICT 152, GLORIA JOHNSON, in her individual capacity, BETTY JOHNSON, in her individual capacity, DR. KISHA MCCASKILL, in her individual capacity, JANET ROGERS, in her individual capacity, TYRONE ROGERS, in his individual capacity, LINDA HAWKINS, in her individual capacity, FELICIA JOHNSON, in her individual capacity, CITY OF HARVEY, DENARD EAVES, in his individual capacity, and DET. R. WRIGHT, in his individual capacity, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Denean Adams, filed a three-count Amended Complaint, alleging in Count III retaliation by the City of Harvey and two of its police officers, Denard Eaves and R. Wright ("the Harvey defendants") [41]. The Harvey defendants move to dismiss Count III for failure to state a claim. For the reasons stated herein, this Court grants the motion and dismisses Count III with prejudice.

**Background**

This Court initially dismissed with prejudice the claims now presented in Count III. After being persuaded on a motion for reconsideration to allow Adams to amend her complaint, Adams filed the Amended Complaint under review.

1

Adams asserts in Count III that the Harvey defendants retaliated against her in violation of her First Amendment Free Speech rights by refusing to arrest or pursue criminal charges against defendant Tyrone Rogers when she complained that he had been verbally abusive in a telephone call. Adams alleges that defendant Denard Eaves, as acting Chief of the Harvey Police Department, and Detective Wright used their positions in the Harvey police department to retaliate against Adams by refusing to allow her to pursue criminal charges against Rogers. (Dkt. 41 at ¶ 53). Adams further alleges that Rogers was a close ally of the Mayor of Harvey, Eric Kellogg. (*Id.* at ¶ 54). The complaint also alleges "on information and belief" that Kellogg told Wright and Eaves that "they could not arrest Rogers even though they had probable cause to do so and to make sure that no criminal charges were filed." (*Id.* at ¶ 63). The complaint alleges that both Wright and Eaves acted at Kellogg's direction and used their position to chill her free speech rights. (*Id.* at ¶¶ 67-68).

**Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face and raising the right to relief above speculation. *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. When reviewing a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Pisciota v. Old Nat. Bancorp*, 449 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

The Harvey defendants move to dismiss Count III, arguing that the Amended Complaint fails to contain sufficient factual support to allege a constitutional violation or retaliation since the Harvey defendants were under no obligation to arrest Rogers and did not have the authority to file

2

charges since that is the exclusive domain of the prosecutor. They further argue that the Court should dismiss Adams' attempt to plead municipal liability because police officers do not have final policymaking authority. As discussed below, this Court finds that Adams fails to cure the defects in the claim that this Court identified when dismissing the prior complaint.

In order to state a claim based on a violation of her free speech rights, Adams must allege "(1) that speech she engaged in was constitutionally protected under the circumstances, *Connick v. Myers*, 461 U.S. 138, 75 L. Ed. 2d 708, 103 S. Ct. 1684 (1983); and (2) that defendants retaliated against her because of that speech. *Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 287, 50 L. Ed. 2d 471, 97 S. Ct. 568 (1977)." *Barkoo v. Melby*, 901 F.2d 613, 617 (7th Cir. 1990). Even if this Court presumes that the complaint adequately alleges the first prong, the Court finds that the complaint still fails to allege sufficient facts to establish the second prong to show that Eaves and Wright retaliated against her because of that speech. *See Santana v. Cook Cty. Bd. of Review*, 679 F.3d 614, 622 (7th Cir. 2012). Adams alleges that Eaves and Wright (and the City of Harvey) used their authority as police to stifle her free speech by refusing to pursue prosecution of her report of criminal activity at the direction of Eric Kellogg, the mayor of the City of Harvey. This allegation is no less speculative than the previous bare assertion that Eaves and Wright would protect Rogers because he is an ally of the mayor. As this Court stated in prior orders addressing this issue, police officers are not required to pursue prosecution of every citizen's report of criminal activity and therefore Adams has the burden of alleging facts that make it plausible that her First Amendment activity was "at least a motivating factor" in Eaves and Wright's decision not to arrest Rogers. Notably, Adams does not name Kellogg as a defendant nor does she allege a conspiracy to deprive Adams of her constitutional rights.

Adams' *Monell* claim is also too tenuous to survive dismissal. To state a claim against the City of Harvey, Adams must allege that Eaves acted pursuant to a municipal custom, policy, or practice.

3

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978); *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [city], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg*, 604 F.3d at 467. Here, Adams makes numerous general allegations regarding police corruption and misconduct in the City of Harvey, referring to state and federal investigations into claims of police brutality. However, the allegation that Eaves blocked Adams from filing a criminal complaint about a verbal remark by a fellow member of the school board remains simply a conclusion based on a single incident where a police officer allegedly refused to pursue a report of criminal activity in order to chill the individual's Free Speech. *See Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009) (holding that a single incident of misconduct is insufficient to sustain *Monell* liability). Accordingly, this Court finds that Adams fails to state a claim in Count III for First Amendment retaliation.

**Conclusion**

Based on the foregoing, this Court grants the Harvey defendants' Motion to Dismiss Count III of the Amended Complaint [43]. Count III is dismissed with prejudice.

IT IS SO ORDERED.

Date: September 19, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge