IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. DENEAN ADAMS | ) | No. 15C8144 |
| | ) | |
| Plaintiff, | ) | Judge Sharon Johnson Coleman |
| | ) | Magistrate Judge Susan E. Cox |
| vs. | ) | |
| | ) | |
| | ) | |
| BOARD OF EDUCATION HARVEY SCHOOL | ) | |
| SCHOOL DISTRICT 152, GLORIA JOHNSON | ) | |
| in her individual capacity, BETTY JOHNSON, | ) | |
| in her individual capacity, DR. KISHA | ) | |
| MCCASKILL, in her individual capacity, | ) | |
| JANET ROGERS, in her individual capacity, | ) | |
| TYRONE ROGERS, in his individual capacity, | ) | JURY TRIAL DEMANDED |
| LINDA HAWKINS, in her individual capacity, | ) | |
| FELECIA JOHNSON, in her individual | ) | |
| capacity, | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

## SECOND AMENDED COMPLAINT

Dr. Denean Adams ("Plaintiff") by her attorney, Jerome M. Davis, Esq., brings this Complaint against the Board of Education Harvey School District 152, Gloria Johnson, in her individual capacity, Betty Johnson, in her individual capacity, Dr. Kisha McCaskill, in her individual capacity, Janet Rogers, in her individual capacity, Tyrone Rogers, in his individual capacity, Linda Hawkins, in her individual capacity, Felicia Johnson, in her individual capacity (collectively "Defendants"), and alleges the following in support hereof:

1

## INTRODUCTION

1. This action is being brought pursuant to 42 U.S.C § 1983 for violation of Plaintiff's rights under the First Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment and the Fourteenth Amendment of the United States Constitution for violation of her due process rights. Defendants illegally retaliated against Plaintiff because she made a police report after she was threatened with physical violence by Defendant Tyrone Rogers who became enraged when she asked members of Harvey District 152's Board of Education (collectively "Board") to authorize a forensic audit to investigate potential fraud and abuse of governmental education funding. The Board rescinded its previously approved extension of Plaintiff's employment contract to punish her for making the police report. Defendants engaged in further acts of retaliation after Plaintiff filed the instant suit in September 2015, including refusing to renew her employment contract.

## JURISDICTION AND VENUE

2. This action is brought under the First and Fourteenth Amendments to the United States Constitution.

3. The events giving rise to this action occurred in this district.

4. Jurisdiction over the constitutional causes of action lies here under 28 U.S.C. § 1331.

5. Venue lies here pursuant to 28 U.S.C. § 1391 (b).

## THE PARTIES

6. Plaintiff was formerly employed as the Superintendent of Harvey Public School District 152 ("District 152") under a multi-year employment agreement, which began July 1, 2013 and ended June 30, 2016 (the "Contract"). She is and was a citizen of the United States at all times relevant to this suit.

7. Defendant Board of Education Harvey School District 152 is a municipality organized under the laws of the state of Illinois. It is charged with setting policy for Harvey School District 152.

8. Defendant Gloria Johnson is a member and was the president of the Board of Education Harvey School District 152 and, as such, was the head official for the policymaking body for District 152 during most of the time relevant to this suit.

9. Defendant Betty Johnson was a member of the Board of Education Harvey School District 152 during all times relevant to this suit.

10. Defendant Dr. Kisha McCaskill was a member of the Board of Education Harvey School District 152 during all times relevant to this suit.

11. Defendant Janet Rogers is and was a member of the Board of Education Harvey School District 152 during all times relevant to this suit.

12. Defendant Tyrone Rogers is the husband of Janet Rogers and is and was a member of the Board of Education Harvey School District 152 during all times relevant to this suit.

13. Defendant Linda Hawkins was a member of the Board of Education Harvey School District 152 during all times relevant to this suit.

14. Defendant Felicia Johnson is and was a member of the Board of Education Harvey School District 152 during all times relevant to this suit.

## STATEMENT OF FACTS

15. Plaintiff is an educator who has worked in multiple school districts throughout this state during her 25-year career.

16. In 2013, Plaintiff entered into a 3-year contract from July 1, 2013 through June 30, 2016 to become the Superintendent for Harvey School District 152 (the "Contract"). District 152 is comprised of 2,100 students in 8 schools. Over 95% of students come from households below the state's poverty level. She replaced Harvey Mayor Eric Kellogg who had held the Superintendent post while simultaneously holding the position of mayor. Kellogg's appointment as Superintendent was mired in controversy because those board members voting for him included his sister, cousin and two city employees.

17. During Kellogg's tenure, the number of students meeting or exceeding the state's academic guidelines declined. However, despite the poor performance, the Board, including Janet Rogers who was the Board president, voted to reward Kellogg with a pay and benefit package estimated at more than $300,000.

18. Pursuant to the terms of Plaintiff's employment contract, she and the Board could mutually agree to extend the agreement at any time prior to its expiration.

19. However, the Contract could not be extended unless Plaintiff met specific goals for student academic achievement and teacher development. The Contract required Plaintiff to report to the Board each year on progress toward achieving the performance goals; and Plaintiff and the Board were required each year to mutually determine if the performance goals needed to be augmented or modified.

20. On February 19, 2015, Plaintiff was given the Board's Performance Evaluation for the 2014-2015 school year. Plaintiff was deemed to be performing good-very good in every category measured. There was no category where Plaintiff was deemed to be performing unsatisfactorily. Consequently, the Board approached Plaintiff about extending the Contract for one-year.

21. Plaintiff and the Board mutually agreed to a one-year extension of the Contract, and the Board voted to approve the extension on February 23, 2015. The Board's approval of the extension was documented in the Board Minutes disseminated to the public.

22. In May 2015, Plaintiff informed the Board that she had serious concerns regarding possible financial irregularities with the way that state and federal funds were being used by the District. Plaintiff asked the Board to approve a forensic audit of the District's finances after uncovering over $500,000 in annual payments to a contractor for services that were not clearly identified, overpayment of salary to an employee who was terminated by the District, thousands of dollars of improper payments for the District's summer school program, and many other questionable expenditures. In response to Plaintiff's request, the Board authorized Plaintiff to prepare a proposal for hiring a forensic auditor.

23. In June 2015, the Board held its annual retreat to review Plaintiff's progress toward achieving the District's academic and performance goals. No major issues were raised regarding Plaintiff's job performance.

24. On July 9, 2015, Plaintiff sent the Board a draft of the proposal to hire an outside forensic auditor. Defendant Tyrone Rogers became enraged upon reading the proposal and called Plaintiff and threatened that she was "itching for an ass-kicking."

25. The next day, Plaintiff met with Detective R. Wright of the Harvey Police Department to discuss filing a criminal complaint against Rogers. She told Wright what Rogers did and stated that she wanted to discuss what happened with the Board before proceeding to file formal charges. Plaintiff subsequently spoke with the Board president Gloria Johnson and told her what happened. Johnson indicated that she would take the issue up with the entire Board.

26. Plaintiff waited a couple of days to see what action the Board would take. However, the Board failed to even address the issue. Therefore, she decided to contact the police to file formal charges.

27. On July 13, 2015, Plaintiff met with Detective Wright to file a formal complaint, and she again informed him that Rogers had threatened her with physical violence after she issued a proposal for an audit of District 152's finances. However, Wright told Plaintiff that she would have to address the issue with the Board and refused to allow Plaintiff to file a criminal complaint.

28. On July 22, 2015, the Board held its monthly Board meeting. Plaintiff was summoned into closed session at that meeting and informed that the Board had several issues with her job performance and was considering whether to rescind the one-year contract extension it had approved in February 2015. However, there was no formal vote on the matter, and Plaintiff was

not given notice of the charges against her, nor was she informed if the Board intended to take any formal disciplinary action.

29. On August 17, 2015, the Board voted to rescind the one-year extension of Plaintiff's contract, which it had approved in February 2015.

30. A written resolution was issued stating that the Board had determined that Plaintiff had failed to clearly meet the Board's expectations on certain performance related matters.

31. Again--as she had done at the July 22, 2015, closed session Board meeting where the Board had first mentioned it had several issues with Plaintiff's job performance-- Plaintiff asked if she could have a written explanation identifying the specific performance issues.

32. Plaintiff was given a document titled Partial Performance Evaluation and Directives for Superintendent Dr. Denean Adams as she exited the room. The Board then voted to rescind the one-year extension after Plaintiff left the room.

33. Plaintiff never received a written notice of the charges against her prior to the Board voting to rescind her Contract extension, nor was she given an opportunity for a hearing to respond to the charges either before or after the Board voted to rescind the extension.

## COUNT I
### (42 U.S.C. § 1983-1st Amendment)

34. Plaintiff hereby incorporates and realleges the allegations of paragraphs 1 through 31 as though fully set forth herein.

35. Plaintiff exercised her right as a private citizen when she made her criminal complaint against Rogers.

36. Plaintiff's complaint related to gross official misconduct by a public official accused of threatening a public employee because she wanted to have an audit to assure that public funds were not being misused.

37. The Board retaliated against Plaintiff for filing a complaint against Rogers by rescinding the one-year extension of her contract that it had previously approved. The Board used the pretext of performance issues to retaliate against Plaintiff.

38. Acting under the color of law, the Board used its final policymaking authority over District 152 to engage in conduct aimed at punishing, harassing and intimidating Plaintiff from engaging in her right to speak on matters of public concern.

39. The Board's conduct is part of a custom of cronyism and public corruption that exists in District 152 where the Board protects its own and punishes anyone who dares to speak against them.

40. Therefore, after being made aware of Rogers' criminal conduct and the reason he threatened Plaintiff, the Board decided to ratify his actions by failing to take any action against Rogers and by punishing, instead of protecting, Plaintiff.

41. The Board, in concert, acted willfully and maliciously and in total disregard of Plaintiff's constitutional free speech rights. Moreover, the Board knew that its conduct violated Plaintiff's rights.

**COUNT II**
**(42 U.S.C. §1983-14th Amendment)**

42. Plaintiff hereby incorporates and realleges the allegations of paragraphs 1 through 34 as though fully set forth herein.

43. Plaintiff was employed under a Contract that included a benefit that allowed the parties to extend the term of the Contract.

44. The parties mutually agreed to extend Plaintiff's Contract, and the Board publicly affirmed the agreement to extend the Contract by voting in February 2015 to extend the Contract for one-year.

45. However, Plaintiff's mutually agreed upon benefit was taken away as the result of the Board's disciplinary action on August 17, 2015.

46. Plaintiff was never afforded written notice of the formal charges against her or an opportunity to answer them before the Board rescinded the extension of her Contract. Nor was she given an opportunity for a hearing to address the charges after the Board made its decision on August 17, 2015.

47. Plaintiff's interest in the continued enjoyment of the right to practice her profession has been substantially harmed by the Board's actions, and Plaintiff has suffered significant monetary loss, emotional pain and diminished personal and professional standing in the community as a result of the fact that the Board publicly announced that her Contract extension had been rescinded.

48. The Board as the final policymaker for District 152 has a custom and practice of allowing its members to threaten and intimidate employees of the District and that custom is responsible for Rogers threatening Plaintiff with violence when she suggested an audit of the District's finances.

## COUNT III
### (42 U.S.C. §1983-1st Amendment)

49. Plaintiff hereby incorporates and realleges the allegations of paragraphs 1 through 41 as though fully set forth herein.

50. Plaintiff exercised her right as a private citizen when she filed the instant suit against Defendants on September 16, 2015.

9

51. Plaintiff's suit relates to gross official misconduct by public officials who are accused of abusing their power by retaliating against an employee because she exercised her right to free speech by making a police report when she was threatened by a Board member and filing a civil suit against them.

52. Within weeks of Plaintiff filing this suit, the individual Defendants initiated a series of sham disciplinary proceedings by publicly announcing that they would take potential disciplinary action against her at the October 19, 2015, Board meeting. Plaintiff was not given any notice of what she was being charged with prior to the meeting.

53. On October 19, the individual Defendants met in closed session to discuss disciplining Plaintiff, who was not allowed in the room to hear the charges against her.

54. Defendants emerged from closed session without announcing any action regarding Plaintiff, who was not informed what was discussed in the closed session.

55. On November 9, 2015, the Board, including all if the individual Defendants, issued a "Notice to Remedy" informing Respondent that her performance as superintendent was "improper, inappropriate, and/or unsatisfactory."

56. Defendants retaliated against Plaintiff in December 2015 by voting not to renew her employment contract, even though there were approximately six months left on the contract.

57. Defendants engaged in a campaign of harassment aimed at humiliating Plaintiff and interfering with her ability to run the day-to-day operations of the District.

58. In one instance, Plaintiff was suspended for three-days with pay for disciplining an insubordinate employee, even though Defendants had told her she could discipline the employee.

59. Plaintiff was stripped of access to the District's internal email system over a month

before her contract expired.

60. And public agencies were notified that she was no longer the superintendent, months before her term expired.

61. Individual Defendants used their policymaking authority to conduct this campaign of harassment to punish Plaintiff for filing this suit.

62. And as a consequence of Defendants' actions, Plaintiff suffered severe emotional and physical injuries related to stress and ultimately had to take an emergency medical leave in May 2016.

63. Last, in a final act of retaliation, Defendants refused to pay salary and benefits exceeding $25,000.00 owed to Plaintiff when her contract expired on June 30, 2016.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court:

A. Declares that the policies and practices enumerated herein are illegal and unconstitutional;

B. Issues a permanent injunction barring the Board from retaliating against Plaintiff;

C. Awards compensatory damages from all Defendants in an amount to be determined at trial plus $165,000 plus statutory pre-judgment interest thereon against the Board;

D. Awards punitive damages from Defendants Gloria Johnson, Betty Johnson, Dr. Kisha McCaskill, Janet Rogers, Tyrone Rogers, Linda Hawkins, and Felicia Johnson, in an amount to be determined at trial;

E. Awards reasonable attorney's fees, costs and expenses pursuant to 42 U.S.C. § 1988; and

11

    F.  Awards such other relief as the Court deems just.

## JURY DEMAND

Plaintiff demands a jury trial to hear the trial of this case.

Date August 18, 2017                                  Respectfully Submitted,

                                                              By: /s/ Jerome M. Davis, Esq.
                                                                    Jerome M. Davis, Esq.
                                                                      Attorney for Dr. Denean Adams

Jerome M. Davis, Esq. (ARDC#6273828)
9024 McIntosh Court
Lakewood, Illinois 60014 Tel. 847-606-6685