**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DR. DENEAN ADAMS** | ) | **No. 15C8144** |
| | ) | |
| **Plaintiff,** | ) | **Judge Sharon Johnson Coleman** |
| | ) | **Magistrate Judge Susan E. Cox** |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **BOARD OF EDUCATION HARVEY SCHOOL SCHOOL DISTRICT 152, GLORIA JOHNSON in her individual capacity, BETTY JOHNSON, in her individual capacity, DR. KISHA MCCASKILL, in her individual capacity, JANET ROGERS, in her individual capacity, TYRONE ROGERS, in his individual capacity, LINDA HAWKINS, in her individual capacity, FELECIA JOHNSON, in her individual capacity,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ATTORNEY-CLIENT COMMUNICATIONS AND STRIKE PORTONS OF THE RECORD OFFERED IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MOTION**

**NOW COMES** Dr. Denean Adams ("Plaintiff") in the above-entitled cause and moves this Court to compel the Board of Education Harvey School District 152, Gloria Johnson, Betty Johnson, Dr. Kisha McCaskill, Janet Rogers, Tyrone Rogers, Linda Hawkins, and Felicia Johnson (collectively "Defendants") to produce attorney-client communications and strike portions of the record offered in support of Defendants' summary judgment motion. In support hereof, Plaintiff respectfully submits the following:

**Introduction/Procedural History**

1. Plaintiff's Second Amended Complaint was filed on September 1, 2017. [Docket# 92.] Plaintiff averred three counts pursuant to 42 U.S.C. § 1983: Count I (first amendment retaliation), Count II (14th Amendment due process) and Count III (first amendment retaliation).

Counts I and II allege that Defendants, acting in their capacity as members of the Board of Education of Harvey School District 152, retaliated against Plaintiff, who was employed as the District's superintendent, by rescinding a previously authorized 1-year contract extension (Count I) without notice or hearing (Count II) after she filed a police report alleging that Tyrone Rogers had threatened her when she sought to hire a forensic auditor to investigate potential abuses of federal and state funds. Count III alleges that Defendants engaged in a pattern of retaliatory acts after plaintiff filed the instant suit.

2. Paragraph 51 of Count III states:

> Plaintiff's suit relates to gross official misconduct by public officials who are accused of abusing their power by retaliating against an employee because she exercised her right to free speech by making a police report when she was threatened by a Board member and filing suit against them.
>
> Defendants responded to that allegation as follows:
>
> Defendants admit only that Plaintiff's suit alleges gross misconduct by public officials in connection with retaliation against an employee due to her exercise of free speech by making a police report when she was allegedly threatened by a Board member. To the extent paragraph 51 pleads liability against Defendants, Defendants deny the allegation.

Defendants' Answer to Plaintiff's Second Amended Complaint [Docket# 97.]

3. Plaintiff served the following interrogatory on Defendants: "Identify all persons consulted prior to rescinding the contract extension and a summary of their statements and any documents that contain information relied upon by the Board in deciding to rescind the contract extension."

4. Defendants' responded by objecting:

> ANSWER: Objection. Interrogatory Number 21 seeks information which is protected from disclosure by the attorney-client privilege. Without waiving said objection, all Board Members discussed the decision to rescind the contract extension amongst themselves and with counsel for the District. Please see Board Resolutions and Plaintiff's Evaluations. Defendants' investigation continues.

5. On July 17, 2017, Plaintiff filed a motion to compel that, *inter alia*, argued that Defendants made bald assertions of the attorney client-privilege without providing a privilege log or any bases for the assertion of privilege. (Plaintiff's Mot. to Compel para. 8). [Docket# 78.] Magistrate Judge Susan E. Cox held a hearing on the motion on July 25, 2017, and granted Plaintiff's motion, in part, and gave Defendants until August 4, 2017, to file documents and supplemental responses to Plaintiff's discovery requests. [Docket# 83]. During the hearing, the court refused to hold that the attorney client-privilege was waived where Defendants had failed to provide any bases for it.

6. On August 4, 2017, Defendants issued their Supplemental Answers to Plaintiff's Interrogatories and Document Requests:

> 21. Identify all persons consulted prior to rescinding the contract extension and a summary of their statements and any documents that contain information relied upon by the Board in deciding to rescind the contract extension.
>
> ANSWER: Defendants consulted Board Attorney John Izzo of Hauser Izzo, LLC. Defendants provide the following attorney-client and work product privilege log regarding the statements made and/or documents produced by Attorney Izzo.
>
> **Privilege Log**
>
> 1. **Defendants object to providing a summary of their statements that contain information relied upon by the Board in deciding to rescind its offer of a contract extension**.
>    a. John Izzo made statements to the Board of Education members present during an executive session meeting convened on July 22, 2015.
>    b. The protected statements were made by Attorney Izzo on July 22, 2015.
>    c. There is no document requested. Plaintiff's interrogatory seeks a summary, which Defendants claim is nonetheless protected by privilege.
>    d. There is no Bates number.
>    e. Defendants assert an attorney-client privilege.
>    f. John Izzo made statements to the Board of Education members present during an executive session meeting convened on July 22, 2015 (sic) in which he provided legal advice pertaining to contract negotiations, progressive discipline, meeting contract obligations including goals, State law regarding administrator contracts, Board voting processes, previous board votes, and a resolution and/or motion relating to Board action.

2. **Defendants object to providing documents that contain information relied upon by the Board in deciding to rescind its offer of a contract extension.**
   a. John Izzo provided work product to the President, and thereafter members, of the Board of Education.
   b. The work product (sic) to the District executives was made by Attorney Izzo in March 2015 and August 2015.
   c. The work product consists of email correspondence.
   d. There are no Bates numbers.
   e. Defendants assert an attorney work product privilege.
   f. John Izzo provided work product to the President, and thereafter members, of the Board of Education regarding terms of the Board of Education's offer of a contract extension to Plaintiff as well as work product regarding the process for revoking, and decision regarding the Board of Education's revocation of its offer to extend the contract of Plaintiff.

(excerpt of Def.'s Supplemental Answers to Plaintiff's Interrogatory Requests (**Ex. A**)).

7. On March 19, 2018, Defendants filed a motion for summary judgement. [Docket# 109.] Defendants admitted that on February 23, 2015, they formally voted to approve a 1-year extension of Plaintiff's 3-year employment contract. (SOF ¶¶'s 6-7, 44).

8. Defendants' Statement of Facts in Support of their Motion for Summary Judgment states that "[d]uring a July 22, 2015 (sic) Board meeting, it was brought to the Board's attention by Attorney Izzo that the offer to extend Plaintiff's Contract was invalid because Plaintiff had not met her performance and improvement goals, as required by law 105 ILCS 5/10-23.8, and under her Contract." (SOF ¶56). Additionally, Defendants assert:

> The votes cast by [Defendants] in the decision whether to rescind the action that extended Plaintiff's Contract for one year was solely based on the fact that Plaintiff had not met her performance or improvement goals, as required by law, 105 ILCS 5/10-23.8, and under her Contract. (SOF ¶60);
>
> The Board's decision to rescind the action that extended Plaintiff's Contract for one year was solely based on the fact that Plaintiff had not met her performance or improvement goals, as required by law, 105 ILCS 5/10-23.8, and under her Contract. (SOF ¶61).
>
> The Board's rescission of the original offer was a mere formality that it was obligated to do by State law—see, 105 ILCS 5/10-21.4 . . .. (Def.'s Motion and Brief in Support of Summary Judgement pg. 10 [Docket# 109.]

> Here, Plaintiff cannot point to anything to establish a property interest in the contract extension because she never accepted the offer, and in fact affirmatively rejected the offer by making a counter-offer. Moreover, even if she had accepted the offer, the extension would have been invalid as a matter of law because she did not meet the performance goals contained in the original three-year contract. 105 ILCS 5/10-23.8 (sic) (Def.'s Motion and Brief in Support of Summary Judgement pg. 11 [Docket# 109.]

9. Moreover, Defendants contend that the police report filed by Plaintiff did not raise matters of public concern and her suit is a mere personal grievance. (Def.'s Motion and Brief in Support of Summary Judgement pgs. 5-6 (SOF ¶34)) [Docket# 109.]

**Applicable Law-Waiver of Attorney-Client and Work Product Privileges**

10. The attorney-client and work product privileges are, respectively, intended to prevent disclosure of confidential communications with counsel and tangible material prepared in anticipation of litigation. *Beneficial Franchise Co., Inc. v. Bank One*, N.A., 205 F.R.D. 212, 215 (N.D. Ill. 2001) (citations omitted); Fed.R.Civ.P. 26(b)(3)(A). However, there are two ways that both privileges can be waived: 1) when the privileged information is disclosed to a third-party outside the scope of the privilege; or 2) when the privileged information is partially disclosed or placed at issue by invoking it either to support or defend against a claim. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir. 1987) (attorney-client privilege can be waived either explicitly or implicitly); *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (3rd Cir. 1994) ("advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney-client communication."); *Beneficial Franchise*, 205 F.R.D at 215-17 (discussing waiver of both privileges).

11. The privilege is not lost by denying the charges in the complaint or simply stating that a party consulted counsel. *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d at 1098; *United States v. Kmart Corp.*, No. 12 CV 881, 2017 WL 3034342, at *2 (N.D. Ill. July 17, 2017) (denial of

allegations that defendant had requisite intent was insufficient to waive privilege). Waiver occurs only when a party affirmatively injects its communications with counsel, such as when a party asserts a so-called advice of counsel defense. *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995) (waiver occurs when the client asserts defenses that put his attorney's advice at issue in litigation); *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1098 (waiver occurs most often through use of an affirmative defense); *United States v. Kmart*, 2017 WL 3034342, at *2-3 (distinguishing cases where client affirmatively injects attorney's advice). Waiver prevents an unfair advantage where supposed privileged communications are used as a sword to defend against a claim while shielding disclosure of information that might undermine the defense. *Id*. at *3 (permitting use of the privilege as a sword and shield is an abuse of the privilege) (citations and quotation omitted).

12. The scope of a waiver is not limited to a specific attorney or communication; rather, it encompasses all communications that pertain to the subject matter. *Lorenz*, 815 F.2d at1099 (partially disclosing attorney's advice opens door to discovery of all communications relating to the subject matter) (citation omitted).

**Defendants waived the privilege by injecting counsel's advice to prove their defenses**.

13. The instant case is similar to *Van Straaten v. Shell Oil Products Co., LLC*, which was discussed by Judge Rosenstengel in *United States v. Kmart*, 2017 WL 3034342, at *3. In *Van Straaten*, the defendants asserted the attorney-client privilege throughout discovery. *Van Straaten v. Shell Oil Products Company*, 09-C-1188 Mem./ Order pgs. 1-2 (N.D. Ill. September 20, 2010) (*Manning, J.*) [Docket# 71-1.]

After the close of discovery, the defendants filed a motion for summary judgement which, for the first time, asserted the following:

> In *Van Straaten*, the defendants insisted they were not asserting an advice of counsel defense "as of right now." … Then at summary judgment, the defendants argued they reviewed the relevant statutes *and consulted with their in-house lawyers* in an effort to comply with state law. … As a result, defendants believed they were in compliance with all applicable laws.

*United States v. Kmart*, 2017 WL 3034342, at *3 *citing Van Straaten v. Shell Oil Products Co., LLC*, No. 09-C-1188, 2010 U.S. Dist. Lexis 98604, *3 (N.D. Ill. June 8, 2010) (emphasis in original).

14. "[D]efendants . . . are trying to use their communications with counsel as both a sword (to support a claim that their conduct is not willful because they acted on advice of counsel) and a shield (to prevent discovery of the actual communications). They cannot have it both ways." *Van Straaten v. Shell Oil Products Company*, 09-C-1188 Mem. / Order pg. 3 (N.D. Ill. September 20, 2010) (*Manning, J.*) [Docket# 71-1.]; *See Also United States v. Kmart*, 2017 WL 3034342, at *2-3 (listing cases holding same).

15. Here, Defendants, for the first time, have asserted an affirmative defense based on advice of counsel: "Even assuming, *arguendo*, that Plaintiff's speech was protected and that she established it was a motivating factor in the Board's actions, the facts establish that the Board would have taken the same actions regardless whether she engaged in the speech." (Def.'s Motion and Brief in Support of Summary Judgement pg. 8 [Docket# 109.] According to Defendants, it had no choice but to rescind the contract extension once it was informed by counsel that Plaintiff "had not met her performance and improvement goals, as required by law 105 ILCS 5/10-23.8, and under her Contract." *Id*. at 8-9 citing (SOF ¶56).

16. Thus, Defendants are attempting to use the privilege as a sword to show that it did not intentionally or willfully retaliate against Plaintiff and a shield to bar Plaintiff from discovering: whether attorney Izzo said what they say he said, what else attorney Izzo said, the bases for what attorney Izzo allegedly said, the evidence reviewed by attorney Izzo to determine that Plaintiff

failed to meet the requisite goals under the contract and state law, and whether Defendants fully complied with attorney Izzo's advice. As Judge Manning stated in *Van Straaten*, Defendants cannot have it both ways. *Van Straaten v. Shell Oil Products Company*, 09-C-1188 Mem. / Order pg. 3 (N.D. Ill. September 20, 2010) (*Manning, J.*) [Docket# 71-1.]

17. Additionally, Defendants' defense of Count II (due Process) implicates attorney Izzo's advice by asserting an affirmative defense that the contract extension was invalid under 105 ILCS 5/10-23.8. Therefore, even if the extension was otherwise valid, it could not establish a property interest, as required to establish a due process claim. (Def.'s Motion and Brief in Support of Summary Judgement pg. 11 [Docket# 109.] Defendants have offered evidence that counsel informed them that the contract was invalid at a closed executive meeting on July 22, 2015. [SOF ¶56.]

18. And the privilege log confirms that attorney Izzo had communications with Defendants on this topic. (excerpt of Def.'s Supplemental Answers to Plaintiff's Interrogatory Requests (**Ex. A**)). Thus, Plaintiff must be permitted to review these communications; otherwise, the factfinder will be left with the impression that Defendants did not intentionally violate Plaintiff's due process rights, as they were simply following the advice of counsel regarding applicable law.

19. The instant case is distinguishable from *Lorenz* and *Kmart* where courts held there was no waiver because the defendants did not affirmatively inject the advice of counsel as a defense. *Lorenz*, 815 F.2d at 1098; *United States v. Kmart Corp.*, 2017 WL 3034342, at *2 (N.D. Ill. July 17, 2017) (denial of allegations that defendant had requisite intent was insufficient to waive privilege). Simply asserting a defense or stating that you consulted counsel does not waive the privilege. *Id*. Defendants affirmatively injected their lawyer's advice by partially describing their communications with counsel in order to prove their defenses the retaliation and due

process claims. (SOF ¶56). *Garcia v. Zenith Elecs. Corp.*, 58 F.3d at 1175 (waiver occurs when the client asserts defenses that put his attorney's advice at issue in litigation) *citing favorably Rhone-Poulenc*, 32 F.3d at 863 ("advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney-client communication.")

20. Thus, it would be unfair to allow Defendants to selectively disclose communications that favor their position while preventing the factfinder from hearing communications that do not favor their defense. *United States v. Kmart*, 2017 WL 3034342, at *3. Finally, it is settled law that all of the communications relating to the subject matter of Defendants' advice of counsel defense is now subject to full discovery. *Lorenz*, 815 F.2d at1099 (partially disclosing attorney's advice opens the door to discovery of all communications relating to the subject matter) (citation omitted); *Beneficial Franchise*, 205 F.R.D at 217 (same) (citations omitted).

**Defendants are attempting to controvert a binding judicial admission**.

21. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal." *Keller v. U.S.*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (citations omitted). Such an admission has the effect of removing a matter from contention. *Id*.

22. In their answer to the complaint, Defendants admitted that Plaintiff averred in her suit "gross misconduct by public officials in connection with retaliation against [Plaintiff] due to her exercise of free speech by making a police report when she was allegedly threatened by a Board member." Now, for the first time, Defendants contend that the suit and police report that gave rise to it are personal grievances that do not "[bring] to light actual or potential wrongdoing or

breach of public trust [by public officials]." And Defendants seek to introduce evidence that they say shows the suit and police report only aver a personal grievance. (SOF ¶34).

23. However, Defendants have admitted that the suit and underlying police report were not made to advance a personal grievance. They admit that the suit and police report allege gross malfeasance by public officials who are accused of retaliating against a citizen on account of her free (i.e. protected) speech by filing a police report, which stated she was threatened after asking for an audit of school finances. Therefore, Defendants cannot now, after the close of discovery, introduce evidence to controvert their binding admission. *Keller*, 58 F.3d at 1198 n.8

24. Moreover, this issue is also removed from contention by the fact that the Court has already ruled that the complaint alleged facts that, taken as true, show Plaintiff's speech was protected: "Adams alleged speech, informing the police of a verbal threat against her after she tried to have an independent audit of the school board, is a matter of public concern." Mem. Opinion/Order May 6, 2016, #15-08144, pg. 7 [Docket# 33.] Despite this fact, Defendants are now arguing that the complaint and underlying police report are devoid of any matter of public concern.

25. Additionally, that argument—Plaintiff's speech [filing the police report] was neither protected speech nor a matter of public concern—was previously made by the Harvey Police Department defendants in support of their second motion to dismiss. Mem. in Support of Mot. to Dismiss, pg. 7 [Docket# 44.]

26. The Court rejected this argument and presumed that the allegations regarding abuse of trust by public officials, which Defendants admit have been alleged, are sufficient to satisfy the protected speech requirement. Mem. Opinion/Order September 19, 2016, #15-08144, pg. 3 [Docket# 56.]

However, the Court dismissed the claim against the Harvey defendants on other grounds. *Id*.

27. Therefore, it would be a waste of the Court's time and Plaintiff's resources to re-litigate this issue, which has already been dealt with. It would also be highly prejudicial to Plaintiff if she has to address this issue now after discovery has closed. For example, Plaintiff may have deposed the police officers that took her police report and other witnesses with knowledge of the circumstances when she filed her report if Defendants' admission had not led her to believe that this matter had been removed from contention. Defendants should not be rewarded for sandbagging Plaintiff. Therefore, the Court should strike this argument and related evidence from the motion for summary judgment.

**WHEREFORE** Plaintiff prays that this court will: stay its Order setting a briefing schedule for dispositive motions to allow time for an expedited hearing and briefing on this motion, as the Court's ruling could impact Plaintiff's brief; grant this motion to compel disclosure of all communications relating to Defendants' defenses to the retaliation and due process claims; strike all argument and evidence regarding whether Plaintiff engaged in free speech; reopening discovery and ordering expedited discovery in order to preserve the scheduled trial date; ordering Defendants to pay all costs and attorney fees for filing this motion and expedited discovery; or, alternatively, strike all argument and evidence regarding Defendants' defenses to the retaliation, due process and free speech claims; and for such other relief as the Court deems just.

Date: April 5, 2018

Respectfully submitted,

By: /s/ Jerome M. Davis, Esq.
Attorney for Dr. Denean Adams

Jerome M. Davis, Esq. ARDC# 6273828
9024 McIntosh Court
Lakewood, Illinois 60014
847-606-6685
jeromed483@gmail.com

Case: 1:15-cv-08144 Document #: 110 Filed: 04/05/18 Page 12 of 12 PageID #:674

12