IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. DENEAN ADAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 15 C 8144 |
| | ) | |
| BOARD OF EDUCATION HARVEY | ) | Judge Coleman |
| SCHOOL DISTRICT 152, GLORIA | ) | |
| JOHNSON in her individual capacity, | ) | |
| BETTY JOHNSON, in her individual | ) | |
| Capacity, DR. KISHA MCCASKILL, | ) | JURY TRIAL DEMANDED |
| in her individual capacity, JANET ROGERS, | ) | |
| in her individual capacity, TYRONE | ) | |
| ROGERS, in his individual capacity, | ) | |
| LINDA HAWKINS, in her individual | ) | |
| capacity, | ) | |
| FELICIA JOHNSON, in her individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION AND BRIEF IN
SUPPORT JUDGMENT AS A MATTER OF LAW ON COUNT II – DUE PROCESS**

NOW COME the Defendants BOARD OF EDUCATION HARVEY SCHOOL DISTRICT 152, GLORIA JOHNSON, BETTY JOHNSON, DR. KISHA MCCASKILL, JANET ROGERS, TYRONE ROGERS, LINDA HAWKINS and FELICIA JOHNSON, by and through one of their attorneys, Christopher L. Petrarca of HAUSER, IZZO, PETRARCA, GLEASON & STILLMAN LLC and for Motion and Brief in Support of Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a) state as follows:

**LEGAL STANDARD**

"If, reviewing that evidence in the proper light, the nonmoving party did not introduce enough to support her claim, then judgment as a matter of law is correct." *Massey v. Blue Cross-*

1

*Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000) (affirming trial court's grant of judgment as a matter of law under Fed R. Civ. Pro. 50(a)). "The standard for granting judgment as a matter of law 'mirrors' the standard for granting summary judgment." *Pandya v. Edward Hosp.*, 1 F. App'x 543, 545 (7th Cir. 2001) (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2109 (2000)). Under Rule 50(a):

> **(1) *In General*.** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> **(A)** resolve the issue against the party; and
> **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
> **(2) *Motion*.** A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a).

## ARGUMENT

I. **Defendants are entitled to Judgment as a Matter of Law on Plaintiff's Due Process Claim**

   A. **Plaintiff and the Board of Education never agreed upon an extension to her employment contract.**

It is well-settled that in order to constitute a contract by offer and acceptance, the acceptance must conform exactly to the offer. *Finnin v. Bob Lindsay, Inc.,* 366 Ill.App.3d 546, 548 (3rd Dist. 2006) *citing Whitelaw v. Brady,* 3 Ill.2d 583 (1954). Under Illinois contract law, an acceptance requiring any modification or change in terms constitutes a rejection of the original offer and becomes a counteroffer that must be accepted by the original offeror before a valid contract is formed. *Id.*

Plaintiff's own testimony regarding the status of the contract extension offer establishes that she does not have a property interest – because there was no valid contract extension between

2

the parties. Specifically, Plaintiff never accepted the terms of the contract extension and, instead, made a counter-offer through her attorney, Sara Boucek, seeking additional salary and other term modifications. See Pl. Ex. 9. Her counterproposal clearly contained different terms than the original extension offered by the Board of Education. See Pl. Ex. 9. The Board of Education never accepted Plaintiff's proposed modifications and, as such, the purported extension was invalid.

### B. Any Contract Extension or Amended Needed to be in Writing

Plaintiff's original contract was clear that it could only be amended in writing. See, Pl. Ex. 1, ¶20.4. That did not occur in this case. Illinois courts have held that contractual clauses that require amendments be in writing are enforceable. See *R&R Const. Co. v. Junior College Dist. No. 529, Olney*, 370 N.E. 2d 599, 603 (Ill. App. Ct. 1977). Plaintiff has admitted under oath at trial that she did not signed a contract extension. Absent a valid written extension, Plaintiff has no property interest. Absent a property interest, Plaintiff's Due Process claim fails as a matter of law.

### C. The Contract Extension Offer was Void *Ab Initio*

A school board is a body politic and corporate created to perform governmental functions relating to education of children in its district and has such powers as are expressly conferred or as may be necessary to effect powers granted by the General Assembly. *Weary v. Bd. of Ed.*, 46 Ill.App.3d 182, 184, 360 N.E.2d 1112 (1977). Statutes conferring authority on a board must be considered not only as a grant of power, but as a limitation thereof. *Wesclin Education Association v. Bd. of. Ed.*, 30 Ill.App.3d 67, 75, 331 N.E.2d 335, 340 (5th Dist. 1975); *Evans v. Benjamin School District No. 25*, 134 Ill.App.3d 875, 480 N.E.2d 1380 (2nd Dist. 1985). An action undertaken by a school district which is prohibited by law or is beyond its lawful authority is *ultra vires* and void. *Lewis-Connelly v. Bd. of Ed. of Deerfield Public Schools, Dist. 109,* 277 Ill.App.3d 554, 560, 660 N.E.2d 283, 287 (2nd Dist. 1996). Specifically, an employment contract which is

not permitted by law is void and bars a subsequent breach of contract action. *Millikin v. County of Edgar,* 142 Ill. 528, 533 (Ill. 1892); *Cannizzo v. Berwyn Twp. 708 Comm. Mental Health Bd.,* 318 Ill.App.3d 478 (1st Dist. 2000); *Trombetta v. Bd. of Ed. of Proviso Township H.S. Dist. 209,* 2003 WL 1193337 (N.D. Ill. 2003).

The question posed to this Court is squarely one of statutory construction, namely, whether contract extension complied with the Illinois School Code. The primary rule of statutory interpretation and construction, to which all other canons and rules are subordinate, is to ascertain and effectuate the true intent and meaning of the legislature. *Village of Buffalo Grove v. Illinois Commerce Commission,* 180 Ill.App.3d 591, 595, 536 N.E.2d 438, 440 (4th Dist. 1989). In interpreting a statute, a court must give the legislative language its plain and ordinary meaning. *Id.* If the language of the statute is plain, clear and unambiguous, and if the legislative intent can be ascertained therefrom, it must prevail and will be given effect by the courts without resorting to other aides for construction. *Id.* In this case, the extension offer to Plaintiff's contract did not comply with existing Illinois law and was void *ab initio.*

There is no dispute that Plaintiff's contract contained certain goals regarding student performance and academic achievement, which goals are required under Illinois law for multi-year employment agreements. The School Code limits the authority of a school board to extend multi-year employment agreements and states that, "[n]o performance-based contract shall be extended or rolled-over prior to its scheduled expiration unless all the performance and improvement goals contained in the specific contract have been met." 105 ILCS 5/10-23.8. The School Code's reference to "performance-based" contract refers to any contract in excess of one year.

The Board of Education is the sole entity vested with the authority to make all employment decisions relative to the superintendent including a determination on whether performance goals

were met. *See Bd. of Education, Proviso Twp. School Dist. No. 209 v. Jackson*, 401 Ill. App. 3d 24 (1st Dist. 2010); *Roberts v. Bd. of Ed. of Hazel Crest S.D. 152 1/2,* 48 F.Supp.2d 1098, 1101 (N.D. Ill. 1999). The Board of Education, as a public body, is required to vote on all documents being approved by it. Any written findings of the Board of Education must be presented and voted upon in order to be effective. *Lawrence v. Williams,* 2013 ILApp (1st) 130757 ¶22.

Plaintiff has failed to set forth evidence to demonstrate that she met the performance goals contained within her contract. More importantly, she concedes that the Board of Education never voted to determine that she met her performance goals. Absent this determination by the Board of Education, it had no lawful basis to extend her employment contract and its offer was beyond its lawful authority. As the extension offer was void ab initio, it could not create a property interest as a matter of law.

In order to allege a violation of her procedural due process rights, the Plaintiff must demonstrate facts which allege that that the Board of Education deprived her of a protected liberty or property interest and that the deprivation occurred because of a lack of procedural due process. *Halfhill v. Northeast School Corporation,* 472 at 3d 496, 500 (7th Cir. 2006). In order to have a property interest in public employment, a person must have more than a unilateral expectation of continuing in the job but, rather, a legitimate claim of entitlement. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Property interests are not established by the Constitution but, rather, by an independent source such as a state law securing certain benefits or a clearly implied promise of continued employment. *Id.* at 577. In the employment context this means that a property interest can be created in one of two ways: (a) by an independent source such as state law securing certain benefits or (b) a clearly implied promise of continued employment. *Munson v. Friske,* 754 F.2d 683, 692 (7th Cir. 1985).

Contracts which are null and void are incapable of creating property interests since such a contract cannot conceivably give rise to a legitimate expectation of continued employment. *Shlay v. Montgomery,* 802 F.2d 918, 922 (7th Cir. 1985). In *Shlay,* an assistant corporation counsel was hired by the City of Chicago's corporation counsel despite the fact that he was not a resident of the City of Chicago as required by the municipal code. *Id.* at 919-920. When his residence was determined by the city, he was discharged and brought a Due Process complaint. *Id.* The plaintiff claimed that he had a career position with the city based upon a promise of the corporation counsel. *Id.* The Seventh Circuit Court of Appeals determined that plaintiff did not have a protectable interest in a contract for career service because the corporation counsel did not have the legal authority to offer such a position and because such an appointment would be in clear violation of the municipal code. *Id.* at 921-922. The Court went on to hold that because his contract for employment was void, his contention that he had a property interest was meritless. *Id.* at 922.

This same rationale has been followed by Illinois courts in similar situations to this. In *Grassiani v. DuPage Township,* 279 Ill.App.3d 614 (3rd Dist. 1996), plaintiff was hired by the township board of trustees as a township administrator pursuant to a written contract for a period of four years. Shortly after her employment contract was entered into, an election took place and the newly elected trustees voted to terminate her contract. *Id.* at 617. The Illinois Appellate Court affirmed the Circuit Court's decision that the plaintiff's contract was *ultra vires* and, *ipso facto*, void *ab initio* because the township was not permitted to offer multi-year contracts to a township administrator as a matter of law. *Id.* at 620. The Court went on to further hold that there could not be a 14th Amendment Due Process claim based upon the void contract because it does not create a property interest to which the 14th Amendment would attach. *Id.* at 621.

Likewise, a similar rationale was followed in *Walters v. Village of Colfax,* 466 F.Supp.2d 1046 (C.D. Ill. 2006). In *Walters,* a police chief was given a ten-year employment contract which would have run longer than the term of the sitting mayor in contravention of Illinois law. *Id.* at 1048-1049. After the mayor left office, the police chief was removed from his position. *Id.* at 1049. The District Court determined that the plaintiff's employment contract was *ultra vires* and void *ab initio* and went on to conclude that the void contract could not provide a property interest capable of protection by the Fourteenth Amendment. *Id.* at 1056-1057.

Like these cases, the offer to extend Plaintiff's contract was void *ab initio*, and could not create a property interest. As set forth above, the Board of Education lacked the legal authority to approve an extension absent a determination made by its members through a formal vote that the goals and indicators of student performance had been met. It is undisputed that this vote never occurred with respect to the offer to extend Plaintiff's contract. This failure, along with her failure to prove that the goals were met, demonstrates that the extension offer was beyond the lawful authority of the Board of Education, void *ab initio* and incapable of creating a property interest recognized by the Due Process clause of the 14th Amendment.

II. **Even if Plaintiff had a Protectable Interest in the Extension No Process was Due to Her to Debate the Legality of the Future Performance of Work**

In order to determine what process is due when the State deprives an individual of property, courts look at three factors: (1) the private interest affected by the official action, (2) the risk of erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional procedural protections; and (3) the government's interest in maintaining the current procedures. *Mathews v. Eldridge,* 424 U.S. 319, 335 (U.S. 1976). Where adequate post-deprivation remedies are available, an individual with a property interest in his continued employment is entitled only to minimal pre-deprivation process which consists of oral or written notice of the

charges against him, an explanation of the employer's evidence and an opportunity to present his side of the story. *Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532, 546 (1985). What procedures due process may require under any given set of circumstances varies with a determination of the precise nature of the government function involved as well as the private interest that has been affected by the governmental action. *Larry v. Lawler,* 605 F.2d 954, 959 (7th Cir. 1978).

If a hearing mandated by the Due Process clause is to serve any useful purpose, there must be some factual dispute between an employer and a discharged employee which has some significant bearing on the issue to be resolved. *Codd v. Velger,* 429 U.S. 624, 627 (1977). In *Codd,* the United States Supreme Court determined that a pre-deprivation Due Process hearing was not necessary for a police officer prior to his discharge because he admitted to the conduct for which he was discharged. *Id.* This rationale has been followed by several holdings of the Seventh Circuit Court of Appeals. *Barbian v. Panagis,* 694 F.2d 476, 488 (7th Cir. 1982); *Greene v. Finley,* 749 F.2d 467, 470 (7th Cir. 1984). This Court has also held that where an employee is terminated due to a reduction in force but not for job related performance, there are no charges to confront and a due process hearing is not necessary. *Brooks v. Bd. of Comm. of the Chicago Housing Authority,* 1998 WL 214669 (N.D. Ill. 1999) *citing West v. Grand County,* 967 F.2d 362, 367 (10th Cir. 1992).

Much like employees who are discharged based upon undisputed facts and those employees who are laid off for financial reasons, an employee whose future contract extension is determined void is not entitled to a due process hearing. This because the only thing to be determined at such a hearing, if one did take place, was whether the extension comports with law. This presents a pure question of law more properly suited to be determined in a court of law rather than by an administrative agency. Simply put, there are no factual charges to confront at such a

hearing but rather a legal conclusion to be debated. In this circumstance, for the same reasons as in *Codd* and *Brooks,* a due process hearing was not required. As such, Plaintiff's Fourteenth Amendment due process claim should fail as a matter of law.

### A. The Process Provided to the Plaintiff Was Adequate

What procedures due process may require under any given set of circumstances varies with a determination of the precise nature of the government function involved as well as the private interest that has been affected by the governmental action. *Larry v. Lawler,* 605 F.2d 954, 959 (7th Cir. 1978). In this case, at a maximum, Plaintiff was entitled to notice of why the Board felt the contract extension was invalid and to provide her an opportunity to respond. The undisputed facts demonstrate that this occurred.

The undisputed facts are that the rescission of the contract extension was on the public agenda for the meeting. Plaintiff was aware that the validity of her contract extension offer was being discussed and she has even testified that she was brought into the room to discuss the matter with the Board of Education. This was adequate process under the circumstances since, at best, the hearing could only serve as a legal debate regarding the legality of the extension offer. The dispute over a legal issue involving future performance simply required no more.

## III. Conclusion

For all of the foregoing reasons, Defendants should be granted Judgment as a Matter of Law on Plaintiff's Due Process Clause claim as set forth in Count II of the Complaint.

WHEREFORE, Defendants move this Honorable Court pursuant to the foregoing and request that Judgment as a Matter of Law be entered in their favor and against Plaintiff on Plaintiff's Due Process claims, and for any other relief this Court deems fit.

Respectfully submitted,

BOARD OF EDUCATION OF HARVEY SCHOOL DISTRICT 152, GLORIA JOHNSON, BETTY JOHNSON, DR. KISHA MCCASKILL, JANET ROGERS, TYRONE ROGERS, LINDA HAWKINS and FELICIA JOHNSON

By: /s/ *Christopher L. Petrarca*
    CHRISTOPHER L. PETRARCA
    One of Their Attorneys

CHRISTOPHER L. PETRARCA
HAUSER, IZZO, PETRARCA,
GLEASON & STILLMAN, LLC
1415 W. 22nd Street – Suite 200
Oak Brook, Illinois 60523
Telephone: (630) 928-1200
cpetrarca@hauserizzo.com