IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. DENEAN ADAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 15 C 8144 |
| | ) | |
| BOARD OF EDUCATION HARVEY | ) | Judge Coleman |
| SCHOOL DISTRICT 152, GLORIA | ) | |
| JOHNSON in her individual capacity, | ) | |
| BETTY JOHNSON, in her individual | ) | |
| Capacity, DR. KISHA MCCASKILL, | ) | JURY TRIAL DEMANDED |
| in her individual capacity, JANET ROGERS, | ) | |
| in her individual capacity, TYRONE | ) | |
| ROGERS, in his individual capacity, | ) | |
| LINDA HAWKINS, in her individual | ) | |
| capacity, | ) | |
| FELICIA JOHNSON, in her individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION AND BRIEF IN

## SUPPORT JUDGMENT AS A MATTER OF LAW ON PUNITIVE DAMAGES

NOW COME the Defendants BOARD OF EDUCATION HARVEY SCHOOL DISTRICT 152, GLORIA JOHNSON, BETTY JOHNSON, DR. KISHA MCCASKILL, JANET ROGERS, TYRONE ROGERS, LINDA HAWKINS and FELICIA JOHNSON, by and through one of their attorneys, Christopher L. Petrarca of HAUSER, IZZO, PETRARCA, GLEASON & STILLMAN LLC and for their Motion and Brief in Support of Judgment as a Matter of Law on Punitive Damages pursuant to Federal Rule of Civil Procedure 50, state as follows:

## LEGAL STANDARD

"If, reviewing that evidence in the proper light, the nonmoving party did not introduce enough to support her claim, then judgment as a matter of law is correct." *Massey v. Blue Cross-*

*Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000) (affirming trial court's grant of judgment as a matter of law under Fed R. Civ. Pro. 50(a)). "The standard for granting judgment as a matter of law 'mirrors' the standard for granting summary judgment." *Pandya v. Edward Hosp.*, 1 F. App'x 543, 545 (7th Cir. 2001) (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2109 (2000)). Under Rule 50(a):

> **(1)** ***In General.*** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> **(A)** resolve the issue against the party; and
> **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
> **(2)** ***Motion.*** A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a).

To avoid a directed verdict, Plaintiff must present "substantial affirmative evidence to support her argument." *Florek v. Village of Mundelein*, *Illinois*, 649 F. 3d 594, 601 (7th Cir. 2011)(citation omitted). Whether a plaintiff has put forth sufficient evidence to support a jury's reasonable award of punitive damages is appropriately determined under FRCP 50(a)(1). *Hoffman v. Caterpillar, Inc.*, 368 F. 3d 709, 720 (7th Cir. 2004). "[W]here a plaintiff fails to produce evidence raising a material question of fact regarding aggravating circumstances or the reckless or callous nature of the defendant's actions," judgment as a matter of law is appropriate. *Kyle v. Patterson*, 196 F. 3d 695, 698 (7th Cir. 1999).

## ARGUMENT

Punitive damages are designed "to punish the defendant for reprehensible conduct and to deter him and other from engaging in similar conduct." *Kemezy v. Peters*, 79 F. 3d 33, 34 (7th Cir. 1996). Such damages are permissible in §1983 actions where the plaintiff demonstrates that

defendants displayed "reckless or callous disregard for the plaintiff's rights or an intentional violation of federal law". *Smith v. Wade,* 461 U.S. 30, 51 (1983). In order to award punitive damages against a defendant, the jury must first be presented with evidence that the defendant acted with "malice or reckless indifference" towards the plaintiff. *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 538-540 (1999). There is a "positive element of conscious wrongdoing" that is required which must demonstrate that the individual was aware that his action was in violation of federal law. *Id.* at 535-538.

Plaintiff cannot show "malice or reckless indifference" or conscious wrongdoing on the part of any of the defendants. In particular, Plaintiff did not even call many of the defendants as witnesses. The failure to even call them as witnesses has deprived the jury of hearing *why* the defendants may have taken specific actions. Ultimately, it is the *why* that is necessary to support a claim for punitive damages. This is because "the terms 'malice' and 'reckless' ultimately focus on the actor's state of mind." *Kolstad* at 535. Plaintiff cannot point to any malice when the defendant has not testified and there is no evidence about how those particular defendants came to any decision. To permit Plaintiff to seek punitive damages against them would be to ask the jury to speculate as to those defendants actions which is impermissible. As has been held time and again, "[d]amages may not be awarded on the basis of conjecture and speculation…" *Locklin v. Day-Glo Color Corp.*, 429 F. 2d 873, 879 (7th Cir. 1970).

Even with respect to the defendants that have testified, Plaintiff has not met her burden. Those defendants have testified that they voted to rescind the contract extension based on the advice of their attorney and that testimony is uncontroverted. "The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." *Kolstad* at 535. The Supreme Court has

held that while it may be unnecessary to show actual malice, it does require a "subject consciousness" of injury or illegality and a "criminal indifference to civil obligations." *Id* at 536 (citations omitted). This is a high standard and "[t]here will be circumstances where intentional discrimination does not give rise to punitive damages liability under this standard." *Id.* This even includes a situation where "the employer discriminates with the distinct belief that its discrimination is lawful." *Id.* Whether a defendant is eligible for punitive damages should be characterized in terms of that defendant's motive or intent. "The justification of exemplary damages lies in the evil intent of the defendant." *Id.* at 538 (citations and quotations omitted).

Plaintiff cannot show malice or reckless indifference on behalf of these defendants. Specifically, she failed to set forth any evidence that they had a subject consciousness of injury or illegality or reckless indifference to their civil obligations. Instead, the uncontroverted testimony is that they took the action of rescinding a contract extension offer based upon the advice of their attorney that it was improper.

Even the Supreme Court noted that intentional discrimination, or retaliation in this case, may not give rise to punitive damages when the defendants thought their actions were lawful. Here, the defendants testified that they acted based on their attorney's recommendation and believed their actions were lawful. Courts have held that "good faith reliance upon advice of counsel may prevent imposition of punitive damages." See *Henderson v. U.S. Fidelity and Guar. Co.*, 695 F. 2d 109, 113 (5th Cir. 1983); *Farias v. Instructional Systems, Inc.,* 259 F.3d 91, (2nd Cir. 2001) "whether or not the advice [of an attorney] was appropriate, action taken pursuant to advice that the action is consistent with the law is insufficient to support an award of punitive damages under the standard articulated in *Kolstad.*)

## **CONCLUSION**

The evidence cannot support a claim for punitive damages in this matter. The majority of the defendants have not testified. It is impossible for the jury to judge their intent and asking to award punitive damages against them would be requiring the jury to speculate as to those defendants' state of mind. Even those defendants that have testified have established that they did not meet the required level of malice or callousness for necessary to make punitive damages available.

WHEREFORE, Defendants, request that this Honorable Court grant their Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a), and for any other relief this Court deems fit.

    Respectfully submitted,

    BOARD OF EDUCATION OF HARVEY SCHOOL DISTRICT 152, GLORIA JOHNSON, BETTY JOHNSON, DR. KISHA MCCASKILL, JANET ROGERS, TYRONE ROGERS, LINDA HAWKINS and FELICIA JOHNSON

    By: /s/ *Christopher L. Petrarca*
        CHRISTOPHER L. PETRARCA
        One of Their Attorneys

CHRISTOPHER L. PETRARCA
HAUSER, IZZO, PETRARCA,
GLEASON & STILLMAN, LLC
1415 W. 22nd Street – Suite 200
Oak Brook, Illinois 60523
Telephone: (630) 928-1200
cpetrarca@hauserizzo.com