IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. DENEAN ADAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 15 C 8144 |
| | ) | |
| BOARD OF EDUCATION HARVEY | ) | Judge Coleman |
| SCHOOL DISTRICT 152, GLORIA | ) | |
| JOHNSON in her individual capacity, | ) | |
| BETTY JOHNSON, in her individual | ) | |
| Capacity, DR. KISHA MCCASKILL, | ) | JURY TRIAL DEMANDED |
| in her individual capacity, JANET ROGERS, | ) | |
| in her individual capacity, TYRONE | ) | |
| ROGERS, in his individual capacity, | ) | |
| LINDA HAWKINS, in her individual | ) | |
| capacity, | ) | |
| FELICIA JOHNSON, in her individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION AND BRIEF IN SUPPORT
<u>JUDGMENT AS A MATTER OF LAW ON THEIR AFFIRMATIVE DEFENSES</u>**

NOW COME the Defendants BOARD OF EDUCATION HARVEY SCHOOL DISTRICT 152, GLORIA JOHNSON, BETTY JOHNSON, DR. KISHA MCCASKILL, JANET ROGERS, TYRONE ROGERS, LINDA HAWKINS and FELICIA JOHNSON, by and through one of their attorneys, Christopher L. Petrarca of HAUSER, IZZO, PETRARCA, GLEASON & STILLMAN LLC and for their Motion and Brief in Support of Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a) state as follows:

## Background

This case involves an employment dispute where the former superintendent of School District 152, Dr. Denean Adams ("Plaintiff"), alleges that an offer to extend her employment agreement beyond its original term was rescinded based upon her exercise of protected First Amendment activity.

The evidence elicited at trial shows that, Plaintiff is the former superintendent of Harvey School District 152. The various individual defendants were, at all times relevant to this matter, members of the Board of Education of Harvey School District 152. The Board of Education of Harvey School District 152 (the "Board") is the entity charged with setting policy for District 152.

Plaintiff signed a performance-based, multi-year employment contract that ran from July 1, 2013, until June 30, 2016 ("the Contract"). Pursuant to Illinois law and the contract at issue, a multi-year employment contract for a superintendent can only be extended if the Board of Education determines that the goals and indicators of student performance have been. *See* 105 ILCS 5/10-23.8; Superintendent Contract at ¶3. While the Contract was in effect and on February 23, 2015, the Board voted to offer an extension of the Contract for one year which would have been the 2016-2017 school year. The extension was not reduced to writing or signed by the parties. The Contract plainly required that "no subsequent alteration, amendments, changes or addition to this contract shall be binding upon the parties unless reduced in writing and duly authorized and signed by each of the parties." (Superintendent Contract ¶7). In addition, Plaintiff's counsel made a counter-offer to the extension offer by requesting, among other things, a higher salary to be paid for the year of the extension.

Upon Plaintiff's request, the Board approved a request for proposal to hire a firm to perform a forensic audit of the District's finances on July 9, 2015. According to Plaintiff, Mr. Tyrone

Rogers, a Board member, allegedly called her that evening and told her that she was "itching for an ass-kicking" due to the scope of the proposed audit. Plaintiff originally spoke to a single board member about Mr. Roger's threat and later filed a police report due to that alleged threat. She emphasized during her testimony that she was scared, and this was the reason that she filed the underlying police report. It is the contention of Plaintiff that the filing of her police report is the reason that the contract extension was rescinded and that this decision was in violation of her First Amendment rights. However, the Court has previously ruled that there was no valid contract extension between the parties.

## **LEGAL STANDARD**

"If, reviewing that evidence in the proper light, the nonmoving party did not introduce enough to support her claim, then judgment as a matter of law is correct." *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000) (affirming trial court's grant of judgment as a matter of law under Fed R. Civ. Pro. 50(a)). "The standard for granting judgment as a matter of law 'mirrors' the standard for granting summary judgment." *Pandya v. Edward Hosp.*, 1 F. App'x 543, 545 (7th Cir. 2001) (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2109 (2000)). Under Rule 50(a):

> **(1)** *In General***.** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> **(A)** resolve the issue against the party; and
> **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
> **(2)** *Motion***.** A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a).

## I. Defendants have Already Met the Burden to Judgment in their Favor

Defendants have alleged various Affirmative Defenses to Plaintiff's Second Amended Complaint. *See* Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, Dkt. No. 97. They have submitted the following proposed jury instruction based on those affirmative defenses:[1]

### 1.29: AFFIRMATIVE DEFENSE

If you decide that Plaintiff has met the burden of proof on her claims, you must then consider the affirmative defenses offered by Defendants. The Defendants have offered the following affirmative defenses:

1) Plaintiff's claims are barred because the Board did not make a finding that Plaintiff met her contractually outlined performance and improvement goals.
2) Plaintiff's claims are barred because Plaintiff never accepted the one-year contract extension offered by the Board.
3) Plaintiff's claims are barred because the one-year contract extension was never signed by Plaintiff or Defendants.

The Defendants must prove any one of these defenses by a preponderance of the evidence, as defined above. If they meet this burden, you must find in their favor.

When there are no disputes as to material issues of fact and the party is entitled to judgment as a matter of law, a defendant may have judgment entered on its behalf on its affirmative defenses. *Certain Underwriters of Lloyd's and Cos. Subscribing to Excess Aviation Liability Ins. Police No. FL-10959 A&B v. Gen. Acc. Ins. Co. of Am.*, 909 F. 2d 228, 231 (7th Cir. 1990). That is precisely the matter in this case.

This Court's prior ruling on Defendants' Rule 50(a) Motion regarding Plaintiff's Due Process claim compels entry of judgment as a matter of law on Defendants' Affirmative Defenses.

---

[1] Plaintiff objects to Defendants' proposed instructions on the affirmative defenses.

4

It is now clear that, as a matter of law, there was no valid contract extension. The jury is obligated to find in favor of Defendants on their Affirmative Defenses.

Rule 50(a) motions permit entry of judgment as a matter of law when there is no "legally sufficient evidentiary basis" to find for the nonmoving party on that issue. FRCP 50(a). The court is to "examine the evidence presented, combined with any reasonably drawn inferences, and determine whether that evidence sufficiently supports the verdict when viewed in the light most favorable to the non-moving party." *E.E.O.C. v. AutoZone, Inc.*, 707 F. 3d 824, 835 (7th Cir. 2013). Here, the evidence establishes that Defendants are entitled to judgment as a matter of law on their Affirmative Defenses.

Defendants have met the burden of establishing their Affirmative Defenses. That has been made clear by the Court's ruling on Defendants' Motion for Judgment as a Matter of Law on Plaintiff's Due Process claim. There is no legally sufficient evidentiary basis to make a finding in Plaintiff's favor. As a matter of law, there was no valid contract extension between the parties.

**II.     Conclusion**

For all of the foregoing reasons, Defendants should be granted judgment as a matter of law on their Affirmative Defenses.

WHEREFORE, Defendants pray that this Honorable Court grant judgment as a matter of law in their favor and against Plaintiff, and any other relief the Court deems fit.

**[Signature Page to Follow]**

Respectfully submitted,

BOARD OF EDUCATION OF HARVEY SCHOOL DISTRICT 152, GLORIA JOHNSON, BETTY JOHNSON, DR. KISHA MCCASKILL, JANET ROGERS, TYRONE ROGERS, LINDA HAWKINS and FELICIA JOHNSON

By: /s/ Christopher L. Petrarca
CHRISTOPHER L. PETRARCA
One of Their Attorneys

CHRISTOPHER L. PETRARCA
HAUSER, IZZO, PETRARCA, GLEASON & STILLMAN, LLC
1415 W. 22nd Street – Suite 200
Oak Brook, Illinois 60523
Telephone: (630) 928-1200
cpetrarca@hauserizzo.com