UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. DENEAN ADAMS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-8144 |
| | ) |
| | ) Judge Sharon Johnson Coleman |
| BOARD OF EDUCATION HARVEY SCHOOL DISTRICT 152, GLORIA JOHNSON, in her individual capacity, BETTY JOHNSON, in her individual capacity, DR. KISHA MCCASKILL, in her individual capacity, JANET ROGERS, in her individual capacity, TYRONE ROGERS, in his individual capacity, LINDA HAWKINS, in her individual capacity, FELICIA JOHNSON, in her individual capacity, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dr. Denean Adams brought this action against Defendants Board of Education Harvey School District 152 and its individual members, alleging retaliation in violation of her First Amendment and due process rights. The Court granted summary judgment to Defendants on Count III for First Amendment retaliation based on the filing of this lawsuit. Pursuant to Defendants' Rule 50(a) Motion, the Court granted judgment as a matter of law in favor of Defendants on Count II, the Due Process claim. Following trial, the jury found in favor of Adams on the remaining claim for First Amendment retaliation based on Adams' police reports, awarding $400,000 in compensatory damages. Currently before the Court is Adams' post-trial Petition for Attorney's Fees and Bill of Costs. For the following reasons, the Court grants in part and denies in part Adams' Amended Petition for Attorney's Fees [196] and Bill of Costs [194].[1]

---

[1] In light of the Court's rulings, the Court denies Plaintiff's initial Motion for Attorney's Fees [191] and initial Motion for Bill of Costs [192] as moot.

1

**Background**

Pursuant to the Court's Order Regarding Fee Petition (Dkt. 174), Adams sent Defendants her fee and costs information and Defendants timely responded with their objections and provided their billing records shortly thereafter. Adams did not respond to Defendants' argument on this point, so it is unclear whether the billing records were timely provided. Although the Court cautions Defendants regarding the importance of abiding by all Court deadlines, the Court notes that the possibility of a slightly delayed response does not warrant any sanction. *See* Fed. R. Civ. P. 11. Adams moves for attorney's fees and costs pursuant to 42 U.S.C. § 1988(b), Federal Rule of Civil Procedure 54(d), and Local Rule 54.3. Adams seeks $552,887.50 in attorney's fees for 1005.25 hours of work. Defendants object, proposing that the Court reduce Adams' counsel's hourly rate and drastically decrease the number of hours of work for which he receives fees.

Adams requests an hourly rate of $550 for her attorney Jerome Davis. In support, Adams has provided the Court with an affidavit from Davis stating that he has represented clients in civil rights matters since 2003 and worked almost exclusively on civil rights cases since 2013. (Dkt. 196 at 8–9 ¶¶ 4, 7.) Davis represents that he has charged and been paid $265/hour in recent cases, with time spent in transit billed at half the hourly rate. (*Id.* at 9 ¶ 8.) For this case, Davis states that Adams and Davis agreed to a modified contingency agreement whereby Adams paid the $265 rate and expenses and Davis would seek to have his fees paid through a fee petition if successful at trial. Davis notes that approximately 80% of his attorney's fees in the matter remain unpaid. (*Id.* at 9 ¶ 9.) Adams also seeks $8,515.17 in costs.

**Legal Standard**

No precise formula exists for determining a reasonable fee, although the Court "generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended." *Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852,

856 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433–37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).  The Court has an obligation to "exclude from this initial fee calculation hours that were not reasonably expended" on the litigation.  *Hensley*, 461 U.S. at 434.  The party seeking the fee award must prove the reasonableness of the hours worked and the hourly rates claimed.  *Id.* at 433.  However, the Court is "not obligated to conduct a line-by-line review of the bills to assess the charges for reasonableness."  *Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 738 (7th Cir. 2010).

The lodestar figure is the starting point, which the court may then adjust to reflect various factors, including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation.  *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 638 (7th Cir. 2018).  Downward adjustment may be appropriate if a plaintiff achieved "only partial or limited success."  *Montanez v. Simon*, 755 F.3d 547, 556 (7th Cir. 2014).  Where a court uses its discretion to adjust a fee award, it must "provide a concise but clear explanation of its reasons."  *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001).

Pursuant to Rule 54(d)(1), "costs . . . should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  A court awarding costs asks first "whether the cost imposed on the losing party is recoverable" and "if so, whether the amount assessed for that item was reasonable."  *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).  Recoverable costs include:  (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters.  *See Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007) (citing 28 U.S.C. § 1920).  Although a district court has discretion when awarding costs, the "discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs."  *Graham v. AT&T Mobility, LLC*, 247 F. App'x 26, 31 (7th Cir. 2007) (citation and internal quotation marks omitted).

3

**Analysis**

A reasonable hourly rate is to be "derived from the market rate for the services rendered." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). The Seventh Circuit has "indicated a preference for third party affidavits that attest to the billing rates of comparable attorneys." *Id.* Adams requests an hourly rate of $550 for her attorney Jerome Davis. Adams submits an affidavit from Davis stating his hourly rate of $265, but did not submit any invoices from Davis' prior clients or third-party affidavits. Adams contends that her counsel should receive a bonus to compensate for the difficulty of and the amount of time he dedicated to the case and that the rate he seeks is within the market rate. Defendants raise a series of objections, including that the Court should reduce Davis' rate to $200/hour, the case was not novel and does not warrant a bonus or rate increase, and Davis did not devote so much time to the case that he could not take on other cases.

The Court finds that $265 is the appropriate hourly rate for Davis. Although the evidence submitted by Adams is limited, Davis has filed a sworn affidavit stating that he has been paid this amount in this case and for similar work. Additionally, $265 is an appropriate market rate in light of the rate awarded to counsel in civil rights cases that the parties presented to the Court. For example, in *Smith v. City of Chicago*, this Court awarded counsel hourly rates of $400, $200, and $175/hour. *See* 9-cv-4754 (N.D. Ill. Dec. 29, 2011), ECF No. 226 (Coleman, J.). The Court awarded $400/hour for lead trial counsel with extensive civil rights experience and $200/hour for an experienced associate. *Id.* In *Spina v. Forest Pres. Dist. of Cook Cty.*, the court awarded $325/hour and $350/hour for court time to the lead attorney because plaintiff presented sufficient evidence to substantiate the billing rates, including counsel's own affidavit, affidavits of three well-known civil rights attorneys, and evidence of fees awarded to the counsel in other cases. No. 98-C-1393, 2002 WL 1770010, at *2 (N.D. Ill. July 31, 2002) (Keys, M.J.).

Here, Davis' evidence does not support the higher rate that he requests, but the comparator cases demonstrate the $265 rate that Davis contends he has been paid by Adams and other clients is appropriate and in line with the market and Davis' litigation experience and shorter term focus on civil rights cases. The Court finds that no bonus is appropriate. The Court agrees with Defendants' suggestion that the number of hours billed left sufficient time for Davis to pursue other cases alongside his representation of Adams. The blended contingency rate that Adams and Davis agreed to also does not support increasing Davis' rate. *See Blanchard v. Bergeron*, 489 U.S. 87, 94, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). Moreover, this case was not so novel or difficult that it warrants an increase to Davis' established billing rate, especially where two of the counts were dismissed late in the litigation at the summary judgment and Rule 50(a) motion junctures.

The Court next considers the reasonableness of the requested time. A fee applicant is expected to exercise "billing judgment" in deciding which hours should be billed to defendants. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999). Defendants object that Davis bills for a number of inappropriate items and request that the Court make the following reductions: strike 34.4 hours of unrelated work; strike 94.95 hours of unsuccessful claims against the City of Harvey; strike 25.4 hours for administrative tasks; and strike 192.9 hours of vague and excessive time.

The Supreme Court directs that fees should be awarded in cases where the successful and unsuccessful claims both are based on a "common core of facts" or "related legal theories." *Hensley*, 461 U.S. at 434. When the successful claim is unrelated to a separate, unsuccessful claim because of differences in the underlying facts or legal theories, the Court should not award fees for the unsuccessful claims. *Id.* at 434–35; *Murphy v. Smith*, 864 F.3d 583, 586 (7th Cir. 2017). Here, Defendants identified a number of billing entries for topics outside the scope of this lawsuit. Adams cannot use her success at trial to recover fees for other advice and services that her counsel

5

performed on her behalf.  Many of these entries identified by Defendants are not related to the litigation, and the Court strikes 25.4 hours.  Similarly, Defendants identified 94.95 hours billed pertaining to the allegations against the City of Harvey.  The Court dismissed Adams' allegations of retaliation by the City of Harvey and two of its police officers on September 16, 2016.  (Dkt. 56.)  This unsuccessful claim was based on a separate legal theory against separate defendants.  The Court finds that attorney's fees should not be awarded for work related to this claim and strikes 79.7 hours.

This Court agrees that much of the time billed that Defendants identified as administrative tasks is for work that could have been completed by an administrative assistant.  The Court strikes 20.2 hours of administrative tasks.

Generally, the Court will not strike entries that Defendants object to as vague or excessive without explanation for how Defendants reached that conclusion.  *See O'Sullivan v. City of Chicago*, 484 F. Supp. 2d 829, 837 (N.D. Ill. 2007) (Cole, M.J.).  Defendants contend that the objected to entries do not suggest a reason for the tasks "beyond a mere superficial description."  (Dkt. 200 at 11.)  The Court agrees that superficial descriptions coupled with a high number of hours dedicated to the same task is too vague.  For example, the repeated descriptions "review tapes of closed session meetings from 2013-2017 and make notes" and "review dep transcripts and discovery to prepare response to SJ" do not indicate the materials that were reviewed and why so many hours were spent on the same two tasks.  Accordingly, the Court strikes 162.5 hours (118.2 hours billed to reviewing session meeting tapes and 44.3 hours billed to reviewing unidentified deposition transcripts).

The Court calculates a lodestar amount of $190,124.25, which represents 717.45 hours billed at $265/hour.  The Court used the hours submitted by Davis and subtracted the 287.8 hours stricken by the Court in the above analysis.  Defendants object that this amount should be reduced by half because Adams was only partially successful.  The Court finds that further reduction of the

6

lodestar is inappropriate. The lodestar amount already reflects reductions for time billed on the unsuccessful claims against the City of Harvey and other time not appropriately billed. The jury awarded $400,000 in compensatory damages, which is a sizable recovery for Adams' claims against Defendants. The Court awards $190,124.25 in attorney's fees.

Adams also seeks $8,515.17 in costs. Defendants first argue that the Court should exercise its discretion and not award Adams any costs because Adams only prevailed on one claim at trial. However, the Court finds that Adams is a prevailing party because judgment was entered in her favor following trial and will award appropriate costs. *See Republic Tobacco Co.*, 481 F.3d at 446.

Adams seeks to recover $5,662.66 in court reporting and transcription fees. Defendants object that Adams seeks to recover beyond the maximum allowed rate for depositions. Adams does not respond to Defendants' objections in her reply brief. Pursuant to Local Rule 54.1(b), court reporter appearance fees shall not exceed the published rates on the Court website. Currently, those rates are $110 for court report attendance of four hours or less and $220 for a full day attendance fee. The Court awards $2,953.75 for the depositions of Tyrone Rogers and Janet Rogers. (Dkt. 196 at 32.) This reflects reduced rates for the court reporter attendance fee using the length of the deposition listed on the invoice. The Court does not award costs for the video deposition service for Tyrone Rogers because it was not used at trial and Adams offers no explanation for why it was a necessary expense. The Court also awards $1,266.70 for the transcript copies of the depositions of Adams and her spouse taken by defense counsel. (*Id.* at 11.) Thus, the Court awards $4,220.46 for deposition costs.

Adams also seeks to recover $2,452.51 paid to a firm called Alphagraphics for a range of services that includes some copying costs. Defendants object that Adams fails to provide sufficient information regarding what was copied or for whom and seek improperly to recover for shipping fees, which is not permitted under the statute. Adams also does not respond to Defendants'

7

objections in her reply brief.  "Only fees for copies 'necessarily obtained for use in the case' are recoverable, and the district court has discretion to determine which copies were necessary." *Montanez*, 755 F.3d at 558 (quoting 28 U.S.C. § 1920(4)).  Costs of making copies for attorney convenience or personal use do not qualify.  *See Alexander v. CIT Tech. Fin. Servs., Inc.*, 222 F. Supp. 2d 1087, 1089 (N.D. Ill. 2002) (Alesia, J.).  A party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," but must "provide the best breakdown obtainable from retained records."  *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).  The majority of the invoices do not indicate generally what was photocopied or for whom and without more information Adams cannot recover these costs.  Likewise, Adams cannot recover for shipping costs.  *See Thorncreek Apartments I, LLC v. Vill. of Park Forest*, 08 C 869, 2016 WL 4503559, at *11 (N.D. Ill. Aug. 29, 2016) (Feinerman, J.), aff'd, 886 F.3d 626 (7th Cir. 2018).

The Court finds Adams' explanations of most invoices insufficient to support reimbursement and awards costs only for those photocopying costs that are detailed enough to demonstrate how they are obtained for use in the case.  The Court finds it appropriate to award costs associated with exhibits for summary judgment (Dkt. 195 at 8–9), exhibits and audio recordings for trial (*id.* at 11), witness subpoenas for trial (*id.* at 12), and courtesy copies for the Court (*id.* at 12).  The Court does not award costs associated with summary judgment exhibits printed on June 22, 2018 (Dkt. 195 at 10) because Adams filed her opposition to Defendants' motion for summary judgment on June 1 and exhibits on June 6, 2018.  (Dkt. 118, 121.)  The Court also does not award shipping costs included in any of these invoices, so awards $1,247.99 for photocopying and related trial material costs.  The Court also awards the $400 filing fee.

Based on the foregoing, the Court grants in part and denies in part Adams' Amended Petition for Attorney's Fees [196] and Bill of Costs [194]. The Court awards Adams $190,124.25 in attorney's fees and $5,868.45 in costs.

IT IS SO ORDERED.

Date: 7/23/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge